## UNITED STATES LIFE INS. CO. *v.* POILLON *et al.*

*(Supreme·Court, General Term, First Department.* December 2, 1889.)

MORTGAGES—FORECLOSURE—LEAVE TO SUE FOR DEFICIENCY.

On application for leave to sue for part of a mortgage debt after judgment of foreclosure, as required by Code Civil Proc. N. Y. § 1628, the court will, in the exercise of its discretion, consider the equitable rights of defendant, which cannot be pleaded by him in the action at law.

Appeal from special term, New York county.

Action by the New York Life Insurance Company against the heirs of Cornelius Poillon, to recover a deficiency on a judgment of foreclosure of a bond and mortgage. The application for an order *nunc pro tunc*, granting leave to sue as of date prior to the commencement of the action, was denied at the special term, in the following opinion of the court filed September 4, 1889:

"BARRETT, J. The court, when called upon to exercise its authority under section 1628 of the Code of Civil Procedure, should, as was said in *Insurance Co.* v. *Stevens*, 63 N. Y. 346, 'be governed by principles of equity in granting or refusing the application.' It appears that the plaintiffs commenced their action in entire disregard of this section. When their difficulty became apparent, and their failure imminent, they sought to save themselves by obtaining·leave to sue without giving their adversaries an opportunity to be heard. The general term having condemned that practice, and vacated the *ex parte* order, the plaintiffs now invoke the equitable consideration of the court—on proper notice to all parties—to give them a foundation for their action *nunc pro tunc*. This ought not to be done, under all the circumstances disclosed. There is no force in the suggestion that the order of April 17, 1885, (made by me,) substantially gave this leave. That order simply denied a motion for a distribution of the fund in question, without prejudice to an action by any of the claimants. But it did not attempt to grant these plaintiffs leave to bring such an action. It was a mere judicial suggestion as to the manner in which an appropriate adjudication might be obtained. The first step, if these particular claimants desire to proceed, was to obtain leave under section 1628. It is entirely clear that no leave was ever granted, directly or indirectly, such as would sustain this action, until the plaintiffs secured the *ex parte* order to which reference has been made; which order, as we have seen, has been vacated. In addition, however, to the plaintiffs' laches and inequitable practice, the application should be denied, because of the failure to make the legatees of Alexander C. Poillon parties to the foreclosure suit. Whether their legacies were chargeable upon the real estate, was, to say the least, a doubtful question. It was distinctly held in *Forster* v. *Civill*, 20. Hun, 282, that they were so chargeable. This case has never been overruled. It is true that, in the later case, the ordinary residuary clause, unaided and alone, is said to be insufficient to evince an intent to charge legacies upon the real estate. But all the cases agree that it is a question of intent, and that extrinsic circumstances may be resorted to to ascertain such intent. *Brill* v. *Wright*, 112 N. Y. 133, 19 N. E. Rep. 628; *Schnorr* v. *Schroeder*, 45 Hun, 148. The intent to charge was found in *Forster* v. *Civill*, upon the facts then before the court. Indeed, it might also well be found upon the present affidavits. Certainly there was enough to require that these legatees should be made parties. See, also, *Jordan* v. *Poillon*, 77 N. Y. 518, holding that they were necessary parties in partition. Their absence rendered the title conferred by the judicial sale doubtful, and may well have affected the pecun-

iary result.  Upon the affidavits it must be found that the prices realized at the sale (for a large part of the property) were exceedingly inadequate, and thus the plaintiffs have secured values largely in excess of their claim. · The hardship of asking these heirs, who had no legal notice of the foreclosure suit, and whose property has been taken from them by defective proceedings, to make up a technical deficiency thus produced, is apparent.  In my judgment, the application made at this late day, and to relate back, (so dilatory that now the statute of limitations is invoked against the claim,) is in every way inequitable, and should be denied."

From the order denying the motion plaintiff appeals.  For former report, see 6 N. Y. Supp. 370.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*Jay & Candler*, for appellant.  *A. P. & W. Man*, for respondents G. W. Poillon and another.  *E. M. Wight*, for respondent G. P. Leveridge.  *Wilmot & Gage*, for respondents Jordan & Gage.

VAN BRUNT, P. J.  This action was brought to enforce against the heirs of Cornelius Poillon a foreclosure deficiency judgment recovered on the 6th February, 1876, against Poillon's administratrix.  The action was commenced without leave of the court.  A demurrer upon the part of one of the defendants that the complaint did not set forth a cause of action having been sustained upon the ground that leave to sue had not been obtained as required by section 1628 of the Code, the plaintiff obtained an *ex parte* order permitting it to sue, and providing for the entry of the order as of a time prior to the commencement of the action.  A motion was made to set aside this order, which was denied at the special term; but it was reversed at the general term, upon the ground that notice should have been given to the defendants who had appeared in the action of the application.  Thereupon the plaintiff renewed its application, upon notice when the application was denied, and this appeal is taken.

Applications of this kind are necessarily addressed to the sound discretion of the court.  If the circumstances are of a character that render it inequitable to allow the deficiency judgment to be enforced, then the court, being governed by principles of equity in granting or refusing such an application, should deny the same.  The plaintiff in this action commenced its proceeding in entire disregard of the provisions of the Code in this respect, and it was not until a demurrer had been sustained to its complaint that it made any effort whatever to obtain the order in question, and then made the application to the court without the knowledge of the parties who had appeared in the action.  We are of opinion that, for the reasons stated in the opinion of the learned judge who heard the application in the court below, the same was correctly denied; and it would be unnecessary to add anything to what has been said upon the decision of the motion, were it not for the fact that the learned counsel for the appellant claims that it is unusual to finally dispose of the property rights of a litigant upon *ex parte* affidavits, without giving him the right to a trial in a plenary action.  It is perfectly clear that the equitable considerations which call upon the court to deny this application could not be availed of as matters of defense in the action itself.  And it was because these equitable considerations, which might constrain the court to deny an application of this kind, could not be set up by way of answer in the action, that the provision of law obtained, requiring applications to be made to the court for leave to sue under circumstances like those in the case at bar.  If it had been possible to set up these considerations in the case itself, there would be no necessity for a provision of law that application should be made to the court for leave to sue; and, as already stated, these applications are to be disposed of upon equitable principles; and if it should be inequitable to allow the enforcement of the deficiency judgment under all the facts and cir-

cumstances of the case, as they existed at the time of the application, then the court is called upon to deny the motion. The claim that the application should be considered as of the date when the deficiency judgment was entered cannot prevail, because the question as to whether it would be equitable or inequitable to grant the motion must depend upon the facts existing at the time the application is made. We think, for the reasons stated in the opinion of the court below, the order appealed from should be affirmed, with $10 costs and disbursements.

BARTLETT, J., concurs.