## PEOPLE ex rel. SCHWAB v. GRANT, Mayor.

*(Supreme Court, General Term, First Department.* December 29, 1890.)

LICENSING AUCTIONEERS—DISCRETION OF MAYOR.

Under statutes requiring auctioneers doing business in a certain city to give bond and obtain a license, and giving power to the mayor of the city to grant such licenses, and also to revoke them for misconduct of the licensees, the mayor, on proper grounds, may refuse a license to an applicant, although a sufficient bond is tendered.

Appeal from special term, New York county.

Motion by August Schwab for a *mandamus* directing Hugh J. Grant, mayor of the city of New York, to approve the bond of the relator, and issue a license to him as an auctioneer. The relator appeals from an order deny- ing his application.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*F. J. Bischoff,* for appellant.   *William H. Clark,* corporation counsel, (*Henry B. Twombly,* of counsel,) for respondent.

VAN BRUNT, P. J.   Some time in April or June, 1890, the relator applied for a license as auctioneer in the city of New York, presenting an apparently sufficient bond.   The mayor refused to grant the license, upon the ground that since 1888 Schwab had acted as a public auctioneer without a license, and had therefore been guilty of a misdemeanor under the Revised Statutes, and that in other respects his character was not entirely above suspicion. The question submitted upon this appeal seems to be whether or not the mayor, upon the tender of a sufficient bond by an applicant for an auction- eer's license, is bound in all cases to grant the same.   We think there can be but one answer to this proposition.   It is clear that an auctioneer cannot lawfully conduct his business without having obtained a license, and the fact that the mayor has power to issue the license implies the power, on a proper occasion, to refuse to issue the same.   *Insurance Co.* v. *Poillon,* 7 N. Y. Supp. 834.   In the case cited the principle is established that where, prior to the doing of a thing, an application for leave to do the same is a condition precedent, the power to refuse such leave in a proper case is necessarily im- plied.   That this power of refusal exists, as has been pertinently suggested in the opinion of the judge who heard the application in the court below, ap- pears from the provisions of the law relating to licensing auctioneers, be- cause the mayor, under certain circumstances, is given the power to revoke a license because of the misconduct of the licensee, and the sole result of such revocation, if the relator's theory is true, would be that the next day, upon the presentation of a proper bond, the mayor would be required to reissue it. No such absurd results could ever have been contemplated.   Indeed, if for no other reason, it would be clear that it was the intention of the legislature that the mayor should exercise a discretion in the issuing of the license, and that it might be refused for proper cause.   Whether or not proper cause ex- isted for the refusal of the mayor in the case at bar cannot be reviewed upon *mandamus,* because *mandamus* will not issue unless the relator shows a clear legal right to the writ; and questions as to the weight of evidence, or as to whether the refusal of the mayor has been arbitrary or not, must be brought to the attention of the court in a different manner, in order that it may obtain jurisdiction to review the same.

Our attention has been called to the fact that the law of 1853, which was commented upon by the learned judge in his opinion, was repealed by the law of 1886.   But this in no manner affected the reasoning of the opinion,

because the pertinent provisions of the law of 1853 had been re-enacted in the consolidation act, and are still in existence. We are of opinion, therefore, that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.