(75 App. Div. 451.)

## SHIPMAN v. NILES.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. GUARANTY—OF MORTGAGE—FORECLOSURE OF MORTGAGE.

After action against the grantee of mortgaged premises alone to foreclose, no deficiency judgment being asked for, action for the deficiency may be maintained against the guarantor of payment of the mortgage; leave of court, required by Code Civ. Proc. § 1628, for action for recovery of part of the mortgage after judgment in foreclosure suit, having been obtained.

Appeal from trial term, New York county.

Action by William Shipman, sole surviving trustee of Caleb H. Shipman, deceased, against Nathaniel Niles. From a judgment for plaintiff on the pleadings, a jury having been waived, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Marston Niles, for appellant.

Charles B. Samuels, for respondent.

O'BRIEN, J. There having been a judgment ordered for the plaintiff upon the pleadings, the questions presented arise exactly as they would had the plaintiff interposed a demurrer to the defendant's answer, and it remains, therefore, to determine whether any defense was pleaded. The action is brought to recover upon an agreement of guaranty executed by the defendant on August 16, 1892, in favor of the plaintiff herein and Henry Shipman, since deceased, trustees under the will of Caleb H. Shipman. It appears that George Moore, for the purpose of procuring a loan, had made and executed on August 15, 1892, his bond for the sum of $20,000, secured by a mortgage of real estate of which he was the owner; and the defendant, for additional security, gave on the following day his guaranty in terms as follows:

"In consideration of the sum of one dollar to me in hand paid, and other good and valuable consideration to me moving, I do hereby guaranty the payment to the obligees therein named of the within bond and the mortgage therein referred to, according to the terms thereof."

Thereafter Moore conveyed to Niles the property in question, subject to the mortgage.

Default having been made by Moore, the plaintiffs instituted proceedings to foreclose the mortgage, having first made Moore and Niles parties. Failing, however, to obtain service upon Moore of the summons and complaint, he was, on their motion, stricken out as a party defendant, and the suit proceeded to foreclosure and sale in the absence of Moore, and no deficiency judgment was asked for against him. Upon the sale the property did not realize enough to pay the amount of the bond, and it is for the difference, or the deficiency arising upon such sale, that this suit is brought against the defendant Niles as guarantor.

His contention now is that the plaintiffs' failure to retain Moore as a party defendant, and to demand and obtain as against him a de-

ficiency judgment, and their neglect in that action to charge the defendant, Niles, as guarantor, was, in effect, an election to resort alone to the collateral real estate for the payment of the debt, and that the legal result was that Moore, the principal debtor, was released, and as a consequence the remedy against the defendant as guarantor was lost. Stripped of verbiage, the principle which the defendant invokes, and which lies at the basis of the defenses variously pleaded, is that, by reason of the facts stated, Moore, who was the principal on the bond, and therefore the principal debtor, having been released from his obligation, the defendant, who was the mere guarantor or surety, was equally released. If, therefore, it should appear that the plaintiffs did not release Moore, but that he was liable for the deficiency resulting after the sale of the mortgaged premises, then the whole structure which has been built upon this foundation falls.

As we take it, apart from foreclosure by advertisement, which is not here involved, the plaintiffs, under the ordinary proceedings to enforce the obligations and conditions contained in the bond and mortgage and guaranty, had three remedies: First, they might have proceeded upon the bond and guaranty alone against the guarantor, or the bondsman and guarantor, and after judgment, if unsatisfied, have foreclosed upon the real estate for the purpose of having it sold and applied to the satisfaction of the debt; second, following the usual course in foreclosure, they might have made Moore a party in a foreclosure action, and after service and judgment and sale of the property, upon asking for such relief in their complaint, could have obtained a deficiency judgment; or, third, they could, as was done in this case, have a foreclosure as against those in possession of the property and owning the equity of redemption for the purpose of having it applied to the payment of the debt, thus leaving the obligation upon the bond upon which a recovery may be had except to the extent of the amount realized on the foreclosure sale in an action commenced by leave of court. Authority for this latter procedure is to be found in Insurance Soc. v. Stevens, 63 N. Y. 341, wherein it was held that:

"Under the provisions of the Revised Statutes (2 Rev. St. p. 199, § 153), prohibiting an action at law unless authorized by the court to recover a debt secured by a mortgage or 'after a decree rendered thereon,' the court is not absolutely bound to grant an application for leave to commence an action to recover a deficiency arising upon a sale under a judgment in a foreclosure suit wherein no provision was made for a deficiency, but may, in the exercise of a sound discretion, grant or refuse it in accordance with the equities of the case. * * * The mere omission to demand judgment for a deficiency does not convert it into a strict foreclosure."

And in McKernan v. Robinson, 84 N. Y. 105, it was held that, where such an action (upon a guaranty of a mortgage after bill filed to foreclose) has been commenced without previous authority, the court may, by subsequent order made nunc pro tunc, grant permission, and so remove the impediment to the maintenance of the action founded upon the statute. 2 Rev. St. p. 191, §§ 153, 154. So, in the more recent case of Insurance Co. v. Poillon (Sup.) 7 N. Y. Supp. 834, it was held that:

"On application for leave to sue for part of a mortgage debt after judgment of foreclosure, as required by Code Civ. Proc. § 1628, the court will, in the exercise of its discretion, consider the equitable rights of defendant, which cannot be pleaded by him in an action at law."

Thus, it appears that the plaintiff was not entirely without recourse to his bondsman after the sale in foreclosure, under section 1628 for the deficiency, although he had not asked for a deficiency judgment. Nor was he, under the procedure followed in such a foreclosure, obliged to give personal notice of the sale to Moore. He had joined in that action the defendant, Niles, who at that time was not only the guarantor, but also the owner of the property subject to the mortgage, and thus held the equity of redemption. The foreclosure suit, therefore, was properly brought and maintained, and the bondsman was not thereby released from the claims of the obligee, and it · follows that the guarantor also was not released. And, as leave was duly obtained by the plaintiff to bring this action against the guarantor, there appears to be no reason why plaintiff may not proceed in this action to recover the amount of the deficiency as against the guarantor, Niles.

The judgment accordingly is affirmed, with costs. All concur.

