JAMES A. WOOLF and EUGENE T. WOOLF, Appellants, v. BERTHA L. SCHAEFER, Respondent, Impleaded with WILLIAM T. HOOKEY and RICHARD FURLONG, Appellants, and Others, Defendants.

*Mechanic's lien — measure of damages recoverable under a counterclaim for certain material not furnished by a contractor, the plaintiff — loss of rental value and deterioration are not the measure of damages — a description in the notice of lien of an entire tract, on a part of which the building is put, does not render it invalid — absence of separate claims for labor and materials — the work done and to be done must be separately stated — what is a sufficiently separate statement of its value — effect of taking the owner's note — a violation of a provision "payments to be made as the work progresses" constitutes a breach — failure to complete the work — what costs may be allowed.*

Where parties make a contract, with the owner of a building in process of erection, to furnish shingles for use in the construction thereof, the measure of damages which the owner is entitled to recover on account of the contractor's failure to furnish the shingles is the difference between the contract price of the shingles and the market price at which they could have been obtained at the time and place of delivery.

The owner is not entitled to recover from the contractor for loss of the rental value of the house and for deterioration therein, which he claims resulted from the failure of the contractor to deliver the shingles.

Where the owner of a tract of land, which, on paper at least, had been subdivided into three parcels, proceeds to construct a single house on one of the subdivisions and a double house on another subdivision, the fact that a contractor, who performed work and furnished materials in connection with both of the houses, files a notice of lien against the entire tract describing it as a single parcel, does not render the lien invalid, where it does not appear that

there was any separate contract for furnishing material to be used on the different lots or that the owner of the tract held title to the separate subdivisions by virtue of separate conveyances or by virtue of separate descriptions or that such separate subdivisions did not, in fact, constitute but a single parcel.

Where, although a notice of mechanic's lien, in its preliminary statement, embraces a claim for labor, it is manifest that the claimant's lien is for materials furnished, and that no separate claim for labor was intended apart from that involved in the delivery of the materials, it is not essential to the validity of the notice of lien that it shall separately state the value of the labor and the value of the materials.

The Lien Law only requires that the amount claimed for labor and materials performed and furnished shall be stated separate from the amount claimed for labor and materials to be performed and furnished.

The fact that a materialman, after his claim has become due and payable, takes the owner's note due in thirty days for the amount of his claim, and executes a written agreement to extend the time of payment for one-half the amount of the note for another month if necessary, which extension of two months would expire before the statutory time allowed the materialman in which to file a notice of mechanic's lien, does not render invalid a notice of mechanic's lien filed by him prior to the maturity of the note.

A notice of lien which states that the lien is for labor performed and to be performed, and materials furnished and to be furnished in covering the roofs of two houses at the agreed price and value of $940, and which specifies that labor and materials of the value of $500 had been performed and furnished, and that the amount unpaid was the contract price of $940, is not invalid, for the reason that it does not specifically state the value of the labor and materials remaining to be performed and furnished, as the fact that such value is the sum of $440 may be learned by a mere mathematical calculation from the data given in the notice.

Where a contract to perform certain specified work on buildings in the process of erection for the sum of $940 provides, "Payments to be made as the work progresses," the refusal of the owner, after the contractor has performed work under the contract of the value of $450, to accede to the contractor's demand for a partial payment on account constitutes a breach of contract on the part of the owner and excuses the contractor from proceeding further with the work.

In an action brought to foreclose several mechanics' liens filed by different persons it is improper to allow the owner separate bills of costs against unsuccessful lienors who filed separate liens; in such a case only one bill of costs can be allowed to one party.

SEPARATE APPEALS by the plaintiffs, James A. Woolf and another, and by the defendants William T. Hookey and another, from a judgment of the Supreme Court in favor of the defendant Bertha L. Schaefer, entered in the office of the clerk of the county of New

York on the 21st day of July, 1904, upon the decision of the court rendered after a trial at the New York Special Term.

*J. C. Julius Langbein,* for the plaintiffs, appellants.

*Jacob Manheim,* for the appellant Hookey.

*John R. Halsey,* for the appellant Furlong.

*Henry Morris Haviland,* for the respondent.

LAUGHLIN, J.:

This is an action to foreclose a mechanic's lien. The plaintiffs, appellants, were partners, and on the 5th day of December, 1901, they made two contracts in writing with the respondent Schaefer, by one of which they agreed to furnish a specified quantity of shingles for the construction of a single family house for the sum of $632.27, payable as follows : $316 " when fully inclosed and roofed," and $316.27 " when all is delivered and house finished ;" and by the other they agreed to furnish a specified quantity of lumber for the construction of a double family house. The respondent Schaefer at the time owned a tract of land on the easterly side of Cottage Grove avenue, having a frontage of about 111 feet on the avenue and extending in depth on one line about 150 feet and on the other about 140 feet, the side lines approaching to such an extent at the rear that the parcel is described as triangular rather than a parallelogram. This parcel of land appears to have been subdivided, on paper at least, into three lots, known as Nos. 317, 318 and 319. The contracts were separate and the premises upon which the material was to be used is not designated therein, but it appears from the evidence that the single house was constructed on lot No. 318, and that the owner commenced the construction of the double house on lot 319. The plaintiffs performed no labor upon any lot and furnished no material upon the second contract relating to the construction of a double family house. They, however, delivered all of the material embraced in the contract for the single family house with the exception of the shingles for the mansard roof, which were of the value of $191.95. The single house was sided and roofed with the exception of the mansard roof, for which the shingles were required. The plaintiffs sought to excuse their failure to deliver the shingles upon the ground

that this was prevented by delay in the transportation thereof from Michigan. The fair inference from the evidence is that the house was not " fully inclosed and roofed" owing to the omission of the shingles from the mansard roof. The plaintiffs, therefore, did not acquire a valid lien, and were not entitled to recover for the materials delivered for they neither completed their contract nor had the time for payment of the first installment arrived. The owner, however, has been awarded a judgment on a counterclaim for $2,000 against the plaintiffs for loss of rental value of the house for a period of nineteen months prior to the commencement of the action and for deterioration claimed to have resulted from the failure of the plaintiffs to deliver the shingles. We are of opinion that the judgment on the counterclaim was unauthorized. The plaintiffs were not contractors for the construction of the house. Their contract merely required the delivery of part of the material to be used in the construction of the dwelling. It does not appear that the owner at the time the plaintiffs were guilty of a breach of their contract could not have obtained shingles elsewhere. The measure of damages which the owner was entitled to recover on account of the plaintiffs' breach of contract was the difference between the contract price of the shingles and the market price at which they could have been obtained at the time and place of delivery. There is no evidence of damages upon this theory and, therefore, the judgment upon the counterclaim is erroneous and must be reversed.

The appellant Hookey filed a lien on the 15th day of February, 1902, against the entire tract describing the same as one parcel, known, however, as Nos. 317, 318 and 319 on a diagram forming part of the lien. The preliminary statement in his notice of lien stated that he had and claimed a lien for the principal and interest " of the price and value of the labor and material hereinafter mentioned, upon the house, building and appurtenances, and upon the lot, premises and parcel of land upon which the same may stand or be intended to stand, hereinafter mentioned." The notice of lien further shows that he was employed by the owner to furnish materials and that he did furnish materials consisting of lime, brick, cement and other building materials of the agreed price of $472.43, and that the whole amount remained unpaid. The evidence showed that this appellant, pursuant to a contract with the owner prior to the

date of filing the lien, furnished building material for the single house on lot 318 and for the double house on lot 319 of the value as stated in the notice of lien. The validity of this lien is challenged upon the ground that it does not state separately the amount claimed for labor, the amount claimed for material and the amount due and to grow due. Although the notice of lien in its preliminary statement embraces a claim for labor, it is manifest that no separate claim for labor apart from the delivery of the material was intended to be made. The notice of lien shows that all of the material for which the claim was made had been delivered. In such case, even though the lien embraced both labor and material, the statute does not require a separate statement of the value of each. (Lien Law [Laws of 1897, chap. 418], § 9.) It only requires that the amount claimed for labor and material performed and furnished shall be stated separately from the claim for labor and material to be performed and furnished. (*Clarke* v. *Heylman*, 80 App. Div. 572.) The notice of lien, therefore, was proper in this regard and does not fall within the condemnation of the rule which requires that the labor and material performed and furnished and to be performed and furnished shall be separately stated.

It is further contended that this notice of lien is invalid because it was filed against the entire tract embracing the three lots. It does not appear that there was any separate contract for furnishing material to be used on the different lots, nor does it appear that the owner held title to the lots by virtue of separate conveyances or descriptions, or that they did not in fact constitute but a single parcel. In these circumstances the law permits a lien to be filed against the entire tract. (*Hall* v. *Sheehan*, 69 N. Y. 618.)

It is claimed, however, that the appellant Hookey was not entitled to a lien for the reason that he had taken a note for part of the claim and agreed to a further extension of time of payment. It appears that he sold the material to the owner on a credit of thirty days from delivery ; that the material was all delivered between the 20th day of November, 1901, and the 14th day of January, 1902, so that the purchase price had become due and payable according to the original contract before the lien was filed ; that on the 20th day of January, 1902, he took a note from the owner for $457.38, the value of the material furnished prior to the eleventh day of

January, for one month, and agreed in writing to wait thirty days longer for one-half the amount thereof if the buildings were not inclosed when the note became due, the other half to be paid when "flooring and studding" was in, "or within 60 days from Jany. 20th, 1902." The lien and claim of the appellant Hookey were dismissed with costs to the owner. It is manifest that in any event this appellant was entitled to a personal judgment against the owner. It appears that the thirty days' credit had expired as to all of the material prior to the filing of the lien, so that the value of the material had become due and owing to the appellant Hookey, but it is claimed that because by accepting the note he extended the time of payment, and by the agreement referred to contracted for a further extension, he was deprived of the right to file a lien at that time. We are of opinion that this contention is not tenable. The note was not a payment of the indebtedness but merely a promise to pay it. The extension granted and agreed to be given was to be only sixty days from January twentieth at the outside, and as this would not be beyond the time within which the lien could be filed (Lien Law, § 10), the right to file the lien at any time within the statutory period was not waived. (*Jones* v. *Moores*, 67 Hun, 109 ; affd., 142 N. Y. 661 ; *Miller* v. *Moore*, 1 E. D. Smith, 739 ; *Althause* v. *Warren*, 2 id. 657.) Since by virtue of the contract under which the material was furnished the value thereof had become due and owing the mere extension of the time of payment did not deprive the appellant of the right to file the notice of lien.

The appellant Furlong, on the 15th day of February, 1902, filed a lien against the premises, describing the same as a single tract, for labor performed and to be performed, and materials furnished and to be furnished in covering the roofs of two houses "being erected upon said premises" at the agreed price and value of $940, and specified that labor and material of the value of $500 had been performed and furnished, and that the amount unpaid was the contract price of $940. It is contended that this notice of lien is invalid for the reason that it does not specifically state the value of the labor and material remaining to be performed and furnished. This criticism, however, is purely technical. The notice states the entire contract price and that labor and material to the extent of $500 had been performed and furnished, and it is merely a mathe-

matical calculation that labor and material of the value of $440 remained to be performed and furnished.

It is also contended that the lien is invalid because it does not state separately the value of the labor and material furnished. That, however, is not required by the statute. It is a sufficient compliance with the statute to state the value of the labor and material performed and furnished as one item and the labor and material to be performed and furnished as another.

This appellant gave evidence tending to show that he furnished and performed upon the premises material and labor of the actual value of $490.80 in the erection of the building on lot No. 318 pursuant to a contract with the owner by letter in writing on the 1st day of November, 1901, which she accepted on the same day, " to cover the roofs of houses as per plan　*　*　*　for the sum of nine hundred and forty dollars.　Payments to be made as the work progresses." The owner contends that this appellant having failed to show entire performance of the contract was neither entitled to a lien or to recover a personal judgment. It appears that after performing labor and delivering material to the extent and value of $450, according to the contract price, he demanded a partial payment on account and that this demand was refused. We are of opinion that this was a breach of contract on the part of the owner which excused the appellant Furlong from proceeding further with the work. The contract was quite indefinite as to the amount to be paid as the work progressed, but it is manifest that the fair construction thereof required the owner to make some payment reasonable in amount when the work was substantially half completed. Omissions in the work do not in these circumstances preclude a recovery for the value of the material furnished and work performed. The contract with this appellant was entire as to the two houses. There appears to have been no separate agreement concerning labor and material to be performed and furnished on the separate lots. We are of opinion, therefore, that he had a right to treat the lots as a single parcel as he did and that his lien was valid and should have been allowed. His lien and claim were also dismissed, with costs.

The owner has been awarded three separate bills of costs, one against the plaintiffs and one against each of the other appellants. If the appellants had failed to sustain their liens or their right to

recover a personal judgment, costs might have been awarded against all of them; but only one bill of costs could be allowed to one party, and, therefore, in no event could this judgment for costs be sustained.

It follows, therefore, that the judgment should be reversed and a new trial granted, with separate bills of costs to the appellants appearing separately to abide the event.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment reversed and new trial granted, with separate bills of costs to the appellants appearing separately to abide event.