(120 App. Div. 748)

. SPRICKERHOFF et al. v. GORDON.

(Supreme Court, Appellate Division, First Department. July 15, 1907.)

1. SPECIFIC PERFORMANCE—SUFFICIENCY OF TITLE—MECHANIC'S LIEN—FORE-
CLOSURE SALE.
    A notice of a mechanic's lien described the property situated in a city
as situate on the southwest corner of designated streets, being about 25
feet front and rear by about 75 feet, followed by a diagram showing a
lot corresponding to the description. The suit to foreclose the lien de-
scribed the property as 50 feet in width, and the judgment of foreclosure
described it in the same manner. *Held*, that under Laws 1897, p. 518,
c. 418, § 9, subd. 7. providing that the notice of lien shall contain a de-
scription of the property sufficient for identification, the notice of lien
was so insufficient as to cast a doubt on the title acquired by a pur-
chaser at the foreclosure, and his contract of purchase would not be en-
forced.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Perform-
ance, § 257; vol. 34, Mechanics' Liens, §§ 622, 213, 214.]

2. SAME.
    After the commencement of an action to foreclose a mechanic's lien
and the filing of a notice of pendency of action, plaintiff obtained an order
amending the summons and complaint by adding additional parties. An
amended notice of pendency of action was also filed. Between the filing
of the notices other mechanic's lien claimants filed notices against the
premises. Neither of these claimants was made a party to the fore-
closure action, and all the defendants defaulted. *Held*, that the validity
of the judgment of foreclosure was so doubtful that the purchaser at
the foreclosure sale would not be compelled to take the title.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Perform-
ance, § 257.]

    Clarke and Houghton, JJ., dissenting.

Submission of controversy on an agreed statement of facts by George
Sprickerhoff and another against David Gordon. Judgment for de-
fendant.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, LAM-
BERT, and HOUGHTON, JJ.

Mortimer M. Menken, for plaintiffs.
Joseph G. Engel, for defendant.

McLAUGHLIN, J. This comes before the court upon an agreed
statement of facts under section 1279 of the Code of Civil Procedure.
The plaintiffs filed a notice of mechanic's lien against certain land in
the city of New York owned by one Renginsky. Subsequently an ac-
tion was brought to foreclose the lien, which resulted in a judgment
in pursuance of which a sale was had, and the premises were bid off
by the defendant; he then paying a portion of the purchase money.
The balance was agreed to be paid some time thereafter, when the
deed was to be delivered. At the time fixed for closing the transac-
tion the referee tendered a deed, which the defendant refused to ac-
cept, on the ground that the title to the premises was not marketable,
and at the same time demanded back the money which he had paid.
This was refused, and thereupon this submission was entered into;
the plaintiffs asking for a judgment directing the defendant to accept

the deed of the premises from the referee, and the defendant asking that he have a judgment relieving him from accepting such deed and that the plaintiffs be directed to pay back to him the sum of $150, the amount which he paid to the referee at the time of the sale.

The premises in question are situate on the southwesterly corner of Broome and Mangin streets, in the city of New York, and have a frontage of 50 feet on Broome street and 75 feet on Mangin street. The notice of lien was filed on the 5th of October, 1906, and there then stood upon the premises a building, not quite completed, which had one entrance upon Mangin street. The action to foreclose was commenced on October 26, 1906, in the City Court of the city of New York, and a notice of pendency of action duly filed on that day. Thereafter the plaintiffs obtained an order amending the summons and complaint by adding additional parties defendant, and an amended notice of pendency of action was filed on the 21st of November, 1906. Intermediate the filing of these notices two other notices of mechanics' liens were filed against the premises, one on October 29th and the other on November 21st. Neither of these claimants was made party to the foreclosure action, and all of the defendants defaulted.

The defendant objected to taking the title upon several grounds: First. Because the description of the premises in the notice of lien filed was insufficient, within the meaning of the mechanic's lien law, to sustain the judgment directing the sale. The point of his objection in this respect was this: The notice of lien filed described the property as—

"situate in the 13th Ward of the borough of Manhattan, in the city of New York, on the southwest corner of Broome and Mangin street, being about 25 feet and ——— inches wide, front and rear, by about 75 feet and ——— inches on each side, known as No. ———, and shown on the following diagram."

Then followed the diagram, showing a lot corresponding to the description. The lot upon which the building stood was actually 50, instead of 25, feet wide, and was so described in the original and amended notice of pendency of action, and in the original and amended complaint, and in fact in all of the subsequent papers and the street number was also given. The statute (chapter 418, p. 518, Laws of 1897) provides in section 9, subd. 7, that the notice of lien shall state:

"The property subject to the lien with a description thereof sufficient for identification, and if in a city or village, the location by street and number, if known."

The notice here filed did not give the street number, nor, in my opinion, did it describe, sufficiently for identification, the lot which was sold. In a populous city like New York I do not think good title can be given to a lot 50 feet in width on the foreclosure of a lien, when the notice of lien describes the lot as about 25 feet in width. The judgment of foreclosure, in pursuance of which a sale is had, has for its foundation the notice of lien, upon which its validity depends. It is true the statute is remedial, and is to receive a liberal construction; but this does not authorize the court to entirely dispense with what the statute says the notice must contain. Mahley v. German Bank, 174 N. Y. 499, 67 N. E. 117. To hold, under the facts here presented, that

good title to the lot in question can be given by the referee, is to disregard the notice and supplement it by extrinsic proof, and I do not see how that can be done. Armstrong v. Chisolm, 100 App. Div. 440, 91 N. Y. Supp. 693. There certainly is sufficient doubt about the question, so that a purchaser ought not to be compelled to take the title. The right to specific performance is to be granted or withheld upon consideration of all the circumstances, and in the exercise of a sound discretion. The general rule is that a purchaser will not be compelled to take a doubtful title, or one which he may be obliged to defend by litigation. McPherson v. Schade, 149 N. Y. 16, 43 N. E. 527; Vought v. Williams, 120 N. Y. 253, 24 N. E. 195, 8 L. R. A. 591, 17 Am. St. Rep. 634; Abbott v. James, 111 N. Y. 673, 19 N. E. 434. "The purchaser is entitled to a marketable title. A title open to a reasonable doubt is not a marketable title. The court cannot make it such by passing upon an objection depending on a disputed question of fact, or a doubtful question of law, in the absence of the party in whom the outstanding right was vested." Fleming v. Burnham, 100 N. Y. 1, 2 N. E. 905.

The defendant also objected to the title upon the ground that the claimants who filed notices of lien intermediate the filing of plaintiffs' notices were not made parties defendant. It would seem as if there were force to this objection. There certainly is enough to it to create a reasonable doubt, and for that reason the defendant ought not to be compelled to take the title.

Other objections are raised which would require serious consideration; but, having reached the conclusion that the defendant should have judgment, it is unnecessary to pass upon them.

The defendant is entitled to judgment relieving him from accepting the deed offered by the referee, and also for $150 paid by him, besides costs.

INGRAHAM and LAMBERT, JJ., concur. CLARKE and HOUGHTON, JJ., dissent on the ground that the plaintiff, in their opinion, is entitled to judgment.