### CURTIS BROS. LUMBER CO. v. MADANSKY et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

MECHANICS' LIENS (§ 137*)—NOTICE OF LIEN—NAME OF OWNER.

    Where plaintiff's notice of mechanic's lien named defendant M. as owner, and his complaint alleged that M. was owner, but for purpose of defrauding plaintiff M. had taken title in the name of another, the notice could not support a lien, unless plaintiff established the fraud and ownership.

    [Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 137.*]

Appeal from Special Term, Kings County.

Proceedings by the Curtis Bros. Lumber Company against Isaac Madansky and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and RICH, JJ.

    Henry W. Rudd and Dwight P. Dilworth, for appellant.
    Franklin Taylor, for respondents Greenberg and Sachs.
    Leon N. Futter, for respondent Empire State Surety Co.

WOODWARD, J. The complaint in this action, brought to foreclose a mechanic's lien, alleges that the lien was filed on the 25th day of January, 1908, within 90 days of the completion of the contract; that the notice contained the statutory statements, including the name of Isaac Madansky as owner and contractor. Having alleged ownership in the defendant Madansky in the notice of lien, the plaintiff alleges in its complaint, on information and belief, that he was at all the times mentioned the actual owner of the premises on which the lien is sought to be impressed; that the defendant Madansky, "for the purpose of cheating and defrauding the plaintiff and other creditors, and while being the actual owner of the premises above

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

described, and while being the actual purchaser from one Frederick Neugass, did take title to the said premises in the name of Mary Greenberg, one of the other defendants herein, who is a sister of the defendant Isaac Madansky, and who acted as dummy of the said Isaac Madansky, for the purposes aforesaid;" that the said defendant, having so purchased and taken the premises above described in the name of said Mary Greenberg, and for the purpose of cheating and defrauding the plaintiff as heretofore mentioned, represented to the plaintiff in this action that he is the actual, legal and equitable owner in fee of the premises above described, and requested the plaintiff to sell and deliver to him, for the construction of the said five houses, certain goods, wares, and merchandise, consisting of lumber, timber, and other building materials; that the plaintiff, believing these representations, sold the goods and delivered the same, to the amount of $812; that the said defendant during the construction of said premises entered into all contracts with all the contractors and materialmen, and generally exercised all powers, rights, and privileges as the owner of the premises; that no part of the indebtedness has been paid, though demanded; that thereafter, and in order to complete the fraud upon the plaintiff, and with knowledge that the said plaintiff in its notice of lien did not mention Mary Greenberg as owner, without consideration and for the sole purpose of harassing and hindering the plaintiff, and cheating and defrauding the said plaintiff out of $812.20, the said defendant Isaac Madansky did execute a deed to said premises, or caused the said Mary Greenberg, his dummy, to execute said deed to said premises, to one Norman Sachs, also a relative of the defendant Isaac Madansky, and one of the defendants herein, which deed purported to convey the said premises above described to the said Norman Sachs, and was duly recorded; that in accepting this deed the defendant Sachs had full knowledge of the lien and claim of the plaintiff, and took such deed from them for the sole purpose of defrauding the plaintiff of the moneys aforementioned; that subsequently Sachs filed with the clerk of Kings county a bond, with the Empire State Surety Company as surety, in the sum of $1,625, for the purpose of discharging the lien of the plaintiff, and that the premises were thereupon discharged of the lien; that there are others claiming some interest in the premises; and that no other action or proceeding has been brought for the relief asked in the complaint.

Judgment is demanded that the deed made by Mary Greenberg to Norman Sachs be declared a fraudulent conveyance, and that the same be set aside; that the plaintiff be adjudged to have a lien against the premises for the sum of $812.20 and interest thereon; that the equities of the parties to this action be adjudged and determined, and that it be adjudged that the plaintiff has a lien against the said premises prior to any other lien or claim of any one of the defendants; and that the Empire State Surety Company be declared liable, by virtue of its suretyship, for any deficiency which may arise; that the interest of the defendant Isaac Madansky as such owner in the said premises be sold, and that from the proceeds of such sale the plaintiff be paid the amount of the said lien and interest thereon, together with the

expenses of the sale, and the costs and disbursements of this action, and in case of any deficiency that the plaintiff have judgment therefor, which is to be paid by the surety aforementioned; that the defendants be foreclosed, etc.

The defendant Madansky denies absolutely every allegation of the complaint relating to his alleged ownership and fraudulent intentions, admits that the plaintiff furnished lumber for the buildings at the agreed price and to the amount alleged by the plaintiff, and that he made contracts with contractors and materialmen upon the work, and denies the other allegations of the complaint. The other defendants deny the alleged fraud, and generally deny knowledge of the other matters alleged.

With the pleadings standing in this condition, the plaintiff introduced testimony intended to support its allegations of fraud; but it is admitted by the plaintiff that this testimony was not direct, and that it was only by inference that the case could be made out, and we are clearly of the opinion that the learned court below properly held that the fact of fraud had not been established. If there was no fraud, if the defendant Madansky did not in fact own the premises, then the notice of lien did not mention the name of the owner, and there was never any valid lien upon the premises.

The judgment appealed from should be affirmed, with costs.

HIRSCHBERG, P. J., and JENKS and RICH, JJ., concur. BURR, J., not voting.