JAD REALTY CORPORATION, Respondent, v. MARATHON STEAM LAUNDRY CO., INC., Defendant, and SUSANNA SIMON, Appellant.— Judgment of foreclosure entered May 19, 1930, modified by providing that parcel II shall not be sold unless it appears on the proceedings under the judgment that the proceeds resulting from the sale of parcel I are insufficient to meet or to liquidate the amount of the judgment. In the event that it is insufficient in this regard then and only then may parcel II be sold to meet such deficiency. (Shipman v. Niles, 75 App. Div. 451; affd., 177 N. Y. 527.) As thus modified the judgment is unanimously affirmed, with costs to appellant. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Present — Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ. Settle order on notice.

RALPH JANNOTTA, Respondent, v. NOSLAC REALTY CORPORATION and Others, Defendants, and ROSLYN MUTUAL FUEL Co., INC., Appellant. (Action No. 2.) — Judgment of the County Court of Nassau county modified so as to provide that appellant, Roslyn Mutual Fuel Co., Inc., has a valid lien: that said lien has priority over the lien of respondent, Ralph Jannotta; that appellant is entitled to have the money due from Eyrich & Ward, Inc., the contractor, to Roslyn Heights Contracting Co., Inc., the subcontractor, amounting to $873.97, applied to the payment of its judgment; that it is entitled to a personal judgment against Roslyn Heights Contracting Co., Inc., for the balance of its claim, with interest and costs; and that respondent, Ralph Jannotta, is entitled to a personal judgment against said subcontractor for the amount of his claim, with interest and costs. As so modified, the judgment is unanimously affirmed, with costs to appellant against respondent in this court. In our opinion the description in appellant's notice of lien is sufficient to identify the premises sought to be covered by the lien. In the notice of lien the property is described as " All that certain piece, parcel and plot of land situated at Roslyn, Nassau County, New York, known as Map of Roslyn Manor, filed * * * on October 18th, 1927, as Map #898." The six buildings in connection with which the materials were furnished are all owned by the Noslac Realty Corporation. They are all grouped in a single block (D) of the tract known as Roslyn Manor, and, except for a small structure that is used as an office by the development company, there is not another building on the tract. The description includes more land than was directly benefited by the improvement, but that fact is not necessarily fatal to the validity of the lien. (Woolf v. Schaefer, 103 App. Div. 567.) All that is required is a description that identifies. (Lien Law, § 9, subd. 7; Hurley v. Tucker, 128 App. Div. 580; Kolkman v. Eshelman, 132 Misc. 428.) Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ. Settle order on notice.