J. Irwin Shapiro, J.
This is a motion by the defendants for an order under rule 106 of the Rules of Civil Practice to dismiss both causes of action in the complaint upon the ground that they fail to state facts sufficient to constitute causes of action.
The first cause of action is to foreclose a mechanic’s lien, and the second cause of action is to recover for goods sold and delivered.
The defendants contend that the first cause of action is fatally defective because the notice of mechanic’s lien fails to comply with subdivision 7 of section 9 of the Lien Law in that it does not sufficiently describe the property against which the lien is asserted.
That section and subdivision, so far as here material, read as follows: “ 7. The property subject to the lien, with n description thereof sufficient for identification; and if in a city or village, its location by street and number, if known.”
*974 Instead of describing the property by metes and bounds or by street and number, the notice of lien purports to claim a lien against the following property: “All land belonging to owners in sections and blocks listed below,” and at the bottom of the notice of lien is listed the following statement: ‘ ‘ Please index under section 16, block 3763, 3764, 3765 and 3837. Section 17, 4009, 4015 not located.”
Although we are adjured by the statute (Lien Law, § 23) that “ This article is to be construed liberally to secure the beneficial interests and purposes thereof ” and that “A substantial compliance with its several provisions shall be sufficient for the validity of the lien and to give jurisdiction to the courts to enforce the same ” an attempt at liberal construction “ does not authorize the court to entirely dispense with what the statute says the notice must contain.” (Sprickerhoff v. Gordon. 120 App. Div. 748, 750, affd. 194 N. Y. 577.)
A mechanic’s lien is a creation of statute and if there is entirely lacking from the notice of lien one of the material provisions required by the statute, it never comes into being as a lien. (Toop v. Smith, 181 N. Y. 283; Pascual v. Greenleaf Park Land Co., 245 N. Y. 294; Brescia Constr. Co. v. Walart Constr. Co., 238 App. Div. 360; Matter of Teicher v. Gold, 239 App Div. 285.)
As the Court of Appeals said in Toop v. Smith (supra, p. 289): “ a mechanic’s lien never comes into existence unless the notice upon which it is founded substantially complies with the statute which authorizes the creation of such liens. Even a court of equity has not the power to breathe the breath of life into a notice of lien that is insufficient under the statute, much less a court whose function it is not to administer equity, but to make the law as stable and certain as may be.”
Although the notice of lien in this case does not say that the labor and materials were performed and furnished for and used in the improvement of all of the real property described in section 16, blocks 3763, 3764, 3765 and 3837 but only to “ All land belonging to owners in [said] sections and blocks ” a liberal construction of the notice of lien may perhaps permit the inference that the improvement was to all of the property in those blocks. If that were all there were to this case, this court, on a pleading motion, would hold the lien sufficient on its face, subject to proof on the trial as to whether the improvements were in fact for the benefit of all of the blocks mentioned. However, in addition to the above, the lienor says that the improvements also covered “ Section 17, 4009, 4015 not located.” This is not merely a meager or an inadequate *975 desóription but a complete absence of any description of the property upon which the work was allegedly performed.
(riving the notice the most favorable intendment, what the lienor is saying is that it improved some parcel or parcels in blocks 4009 and 4015 in section 17 but that it has not located them on the map and therefore does not specify them. A judgment of foreclosure and sale could not properly be drawn from such a complete absence of description. Hence, as to that portion, the notice of lien is fatally defective.
I have come to the conclusion, however, that, under the circumstances of this case, the entire notice of lien is void and cannot stand as the foundation for a cause of action to foreclose a mechanic’s lien.
The lienor itself says that its improvements covered more than the property described in section 16, blocks 3763, 3764, 3765 and 3837. Hence, subjecting that property — properly described — to a mechanic’s lien would impose upon that property more than its share of the materials furnished and labor supplied. In such a situation the entire lien is void.
I apprehend the law to be that when the description includes too much property, but nevertheless includes and completely identifies all the property on which a lien may properly be claimed, the defect is not fatal for the lien will be limited and restricted to that part against which it may properly be enforced. (Blanc on Mechanics’ Liens; Woolf v. Schaefer, 103 App. Div. 567; Jannotta v. Noslac Realty Corp., 231 App. Div. 864; Kolkman v. Eshelman, 132 Misc. 428.)
However, where, as in this ease, too little property is included in the description (and that result follows here by the necessary excision of the property attempted to be described as “ Section 17, 4009, 4015 not located ”), the defect is fatal, for the lien, if any, is against all of the property benefited by the improvement and an accurate description of less would require an apportionment of the amount due under the lien among portions of the land. (See Sprickerhoff v. Gordon, 120 App. Div. 748, supra; Storch & Co. v. Marginal Realty Corp., 109 Misc. 669.)
Under the circumstances, the court grants the motion to dismiss the first cause of action set forth in the complaint.
The second cause of action, that for goods sold and delivered, alleges that “ at the special instance and request of the defendants, the plaintiff furnished and delivered certain goods, wares and merchandise at the premises owned by the defendants — at the agreed price and reasonable value — which the said defendants agreed to pay to the plaintiff.”
*976 That is the classic pleading of an action for goods sold and delivered, and the motion to dismiss the second cause of action is denied.
Settle order on notice.