■ In the Matter of NIAGARA VENTURE, Appellant, v SICOLI & MASSARO, INC., et al., Respondents. (Appeal No. 1.)—Order insofar as appealed from reversed on the law without costs and petition granted. Memorandum: Petitioner sought summary discharge of mechanic's liens pursuant to Lien Law § 19. It had owned 20.6 acres of land, and in March 1987 it contracted with respondent Sicoli & Massaro, Inc. for construction of a theme park on part of the land. In September 1987, after the theme park was constructed on the northerly 16.1 acres, that area was conveyed to the city; petitioner retained an unimproved 4.5-acre parcel fronting on Rainbow Boulevard. After the conveyance of the theme park and

apparently without realizing that the conveyance had occurred, several respondents filed private liens against the entire 20.6-acre parcel. In May 1988, respondent Sicoli & Massaro filed six pairs of liens for the same work and materials and in the same amounts against the entire 20.6-acre parcel as a private lien, and as a lien for a public improvement. Other respondents thereafter filed public improvement liens for identical work and material and in the same amounts as their private liens.

Supreme Court discharged the private liens to the extent that they encumbered land owned by the city but refused to do so as to the remainder of the land owned by petitioner. It also refused to discharge the public improvement liens. In an addendum to its memorandum decision, Supreme Court reasoned that the liens had been filed before transfer of part of the tract to the city and that a lien filed against a unified parcel operates against the entire parcel even if the work was done on only a portion of the parcel. It relied on *Jannotta v Noslac Realty Corp.* (231 App Div 864) and *Woolf v Schaefer* (103 App Div 567).

The court erred in finding that the lien was filed before the transfer. We agree that a lien filed against a unified parcel operates against the entire parcel even if work was done only on a portion of it, but that is not the case here.

Lien Law § 4 provides that a private lien extends to the owner's right, title or interest in the real property and improvements existing at the time of filing the notice of lien. It is undisputed that no improvements were actually made on the parcel retained by Niagara Venture. Respondent has cited no authority for its contention that the 20.6-acre parcel remained unified after title was separated between two owners.

Although this appeal is from only that part of the court's order refusing to discharge the private liens, we note that several lienors have filed private liens and public improvement liens for identical work and materials against different premises in different ownership. The liens were invalid because they failed to apportion the work and materials among the two separately owned tracts *(see, Contelmo's Sand & Gravel v J & J Milano,* 96 AD2d 1090). While we agree with the dissent that private liens can be filed for improvements such as roadways and utility service mains made off the liened premises but benefiting them *(see, W.L. Dev. Corp. v Trifort Realty,* 44 NY2d 489; *Matter of Bradwood Realty v Transit Paving,* 43 Misc 2d 374), we distinguish those cases from this one because identical public and private liens have been filed

and because it cannot fairly be said that the theme park constitutes an improvement to the vacant parcel in the same way that a roadway improves a subdivision.

All concur, except Boomer and Lowery, JJ., who dissent and vote to affirm the order, in the following memorandum.

Boomer and Lowery, JJ. (dissenting). Supreme Court properly denied petitioner's application, pursuant to Lien Law § 19, to summarily discharge a mechanic's lien on the 4.5 acres of land retained by petitioner. Petitioner owned land consisting of 20.6 acres and in March 1987 it entered into a contract with respondent Sicoli & Massaro, Inc. for the construction of a theme park on the land. In September 1987, after the park was constructed on the northerly 16.1 acres of the land, petitioner conveyed the 16.1 acres to the city and retained the 4.5 acres fronting on Rainbow Boulevard. After the conveyance was made, various contractors and materialmen filed mechanic's liens describing the 20.6-acre parcel owned by petitioner when the materials were supplied and the work performed for the park improvements, and naming petitioner as the owner.

Supreme Court vacated the notices of lien insofar as they purported to encumber the 16.1 acres conveyed before the filing of the notice, but declined to vacate the notices of lien insofar as they encumbered the 4.5-acre parcel retained by petitioner. A lien filed against a single parcel in a common ownership operates against the entire parcel even if improvements are made on only a portion of it *(W.L. Dev. Corp. v Trifort Realty,* 44 NY2d 489; *Jannotta v Noslac Realty Corp.,* 231 App Div 864; *Woolf v Schaefer,* 103 App Div 567). At the time the work was done and the materials supplied, petitioner owned a single 20.6-acre parcel and, had the notices of lien been filed before petitioner conveyed away the 16.1-acre parcel, the liens would have validly encumbered the entire parcel, including the unimproved 4.5-acre portion fronting on Rainbow Boulevard. Although the liens were invalid as against the 16.1-acre parcel because petitioner was no longer the owner at the time the notices of lien were filed, they are valid as against the 4.5 acres retained by petitioner.

The lien can be filed only against property owned by the party who requests or consents that the work be done or the materials supplied (Lien Law § 3). Since petitioner owned the 20.6-acre parcel at the time the work was done and the material supplied at its request, there is no reason why the lien should not encumber the portion of that property re-

tained by it. Where the description of the property in a notice of mechanic's lien includes too much property but, nevertheless, includes and describes completely all property on which a lien may properly be claimed, the defect is not fatal *(see, Jannotta v Noslac Realty Corp., supra; Blackman-Shapiro Co. v Salzberg,* 8 Misc 2d 972). Here, the lien must be vacated as against the 16.1 acres petitioner conveyed to the city before the liens were filed, not because petitioner is entitled to any advantage by reason of the conveyance, but only because the lien may not operate against the new owners who took the property before the notices of lien were filed *(see,* Lien Law § 4; *Curtis Bros. Lbr. Co. v Madansky,* 141 App Div 883). Inasmuch as petitioner requested the work to be performed and the material delivered upon a unified parcel, and was still the owner of a portion of that parcel at the time the notices of lien were filed, it should not be permitted to escape its obligation to the lienors by the vacation of the liens on its property.

Article 2 of the Lien Law relating to mechanic's liens is to be construed liberally to secure its beneficial interests and purposes (Lien Law § 23) to protect materialmen and laborers who furnish either materials or labor for purposes of construction *(Giant Portland Cement Co. v State of New York,* 232 NY 395, 403). The strict construction espoused by petitioner subverts the beneficial interests and purpose of the Lien Law by permitting an owner of land to escape his responsibility to his contractors and suppliers by enabling him to retain lands free and clear of the mechanic's liens filed by them, solely because the owner conveys a portion of his lands to another.

The majority incorrectly finds that the notices of lien were invalid because they failed to apportion the work and materials between the two separately owned tracts. All of the cases requiring an apportionment of the work are cases where notices of lien were filed against tracts that were separate and in different ownership at the time the improvements were made *(Contelmo's Sand & Gravel v J & J Milano,* 96 AD2d 1090; *Empire Pile Driving Corp. v Hylan Sanitary Serv.,* 32 AD2d 563; *Matter of Twin County Tr. Mix v Ingula Bldrs. Corp.,* 27 AD2d 939; *Buhler Co. v New York Dock Co.,* 170 App Div 486; *Leske v Wolf,* 154 App Div 233). Obviously, the owner of one lot should not be responsible for improvements installed on another lot and ordered by the owner of that lot. The rationale for the rule does not apply where the owner orders the improvements to be installed upon a single tract, but where at the time the notice of lien is filed the property is

separated into two tracts only because the owner had conveyed away a part. Neither the language of the Lien Law nor its purpose requires the inequitable result reached by the majority.

Precedent for a contrary result is found in the case of *Matter of Bradwood Realty v Transit Paving* (43 Misc 2d 374, cited with approval in *W.L. Dev. Corp. v Trifort Realty,* 44 NY2d 489, 496, *supra).* There, the owner of a subdivision contracted with the lienor for the construction of sewers and pavement on certain streets in the subdivision. The owner conveyed the streets to the town before the notice of lien was filed, but, nevertheless, the court held that the lien extended to the remainder of the subdivision retained by the owner.

Upon this motion to summarily discharge a mechanic's lien, it was incumbent upon petitioner to demonstrate "the notice of lien is invalid by reason of failure to comply with the provisions of section nine" of the Lien Law prescribing the contents of the notice of lien, including naming of the owner and describing of the property (Lien Law § 19 [6]). For the reasons stated, petitioner has failed to meet that burden. (Appeal from order of Supreme Court, Niagara County, Sedita, J.—discharge lien.) Present—Doerr, J. P., Boomer, Green, Pine and Lowery, JJ.