Bellacosa, J.
(dissenting). Individuals who perform labor or provide materials to improve real property are authorized by Lien Law §§ 3 and 4 to file liens upon the real property so improved and upon the improvements; the liens extend to the owner’s right, title or interest in the property and improvements existing at the time the notice of lien is filed. After the owner in this case conveyed the improved property to a third *183 party, the putative lienors filed their liens on the owner’s retained unimproved property. The plain language of Lien Law §§ 3 and 4 does not recognize such a lien. Even the majority concedes that the governing provision does not literally provide this important remedy. Yet, the Court validates the liens filed in this case by deviating from the plain language of the statute regulating real property matters and titles, where certainty, reliability and predictability are at a premium.
Moreover, the majority’s analysis turns on a conjectural factual hypothesis: That it is "appropriate” to construe the Lien Law to protect respondents, despite its plain governing language, because "had respondents’ liens been filed prior to petitioner’s conveyance of the developed portion of the property, they would have operated against petitioner’s interest in the entire parcel” (majority opn, at 181 [emphasis added]).
A review of the Appellate Division cases cited to support this "long-accepted principle” shows that its application has been limited to cases where "[i]t does not appear that there was any separate contract for furnishing material to be used on the different lots, nor does it appear that the owner held title to the lots by virtue of separate conveyances or descriptions, or that they did not in fact constitute but a single parcel.” (Woolf v Schaefer, 103 App Div 567, 571.) This is not such a case. Indeed, the affected owner held title to the two parcels through separate conveyances from two different owners, and contracted with the putative lienors to furnish labor and materials on only one parcel. There is, thus, no basis for this Court to make a finding of fact categorizing the two parcels as "unified” and this Court is powerless to make such a finding.
Nor is this case like W. L. Dev. Corp. v Trifort Realty (44 NY2d 489), where we held that a prior recorded mortgage for materials and labor provided during the construction of street and utility improvements in a subdivision had priority over a subsequently filed mechanic’s lien.
To be sure, if the owner in this case had obtained only the 16.1-acre parcel, and thereafter improved it and conveyed it to the City, a subsequently filed mechanic’s lien on that parcel would have no legal consequence whatsoever. A different result should not obtain merely because the owner, at the same time the 16.1-acre parcel was obtained, also obtained an adjoining parcel from a different party for a different use.
*184 An individual who supplies labor or materials to improve a parcel which is subsequently conveyed before a lien is timely filed in compliance with the Lien Law may have a remedy under contract law, but not under the Lien Law provisions. To acquire the benefit of the latter necessarily requires explicit compliance with the statutory prerequisites because, wherever the equities may lie in this case, this Court should not unsettle statutory legal precepts in this area which are designed to avoid clouds on title, not to create them.
Chief Judge Wachtler and Judges Simons and Hancock, Jr., concur with Judge Kaye; Judge Bellacosa dissents and votes to affirm in a separate opinion in which Judges Alexander and Titone concur.
Order reversed, etc.