■ THURBER LUMBER COMPANY, INC., Respondent, v N.F.B. DEVELOPMENT CORP. et al., Appellants, et al., Defendants. [626 NYS2d 841] —In an action, *inter alia,* to foreclose a mechanic's lien, the appeal is from an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 27, 1993, which denied the motion of N.F.B. Development Corp., North Fork Bank and Trust Co., Stephen Lupo, Deborah Lupo, Chris D. Clausen, Arlene A. Clausen, Angelo Jannace, Margaret Jannace, Robert Strecker, Rudy Ogonowski, De Cam Corp., George J. Fonte, Jr., Julia A. Dickerson, Efco-Fa Development Corp., Parviz Farahzad, Adelino Almeida, Lucilia Almeida, Aaron Smiles, and Jean M. Smiles to dismiss the complaint insofar as it is asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellants, the action against the remaining defendants is severed, and the lien is vacated insofar as it is asserted against the appellants.

Lien Law § 4 provides that a mechanic's lien "shall extend to the owner's right, title or interest in the real property existing at the time of filing the notice of lien" *(Matter of Niagara Venture v Sicoli & Massaro,* 77 NY2d 175). In *Matter of Niagara Venture v Sicoli & Massaro* (162 AD2d 992, 995), the dissent noted, "[T]he lien must be vacated as against the 16.1 acres petitioner conveyed to the city before the liens were filed * * * because the lien may not operate against the new owners who took the property before the notices of lien were filed." In reversing the majority's holding on a different point, the Court of Appeals implicitly affirmed the correctness of the dissent's conclusion by noting that the lien held by the contractor operated against the unimproved portion of property that was retained by the petitioner but that it did not operate against the portion of the property that was conveyed by the petitioner prior to the filing of the notice of lien. The Court of Appeals observed that the statutory purposes of the Lien Law "are served when the lien is recognized as valid against the interest in the improved parcel remaining in the hands of the owner, and invalid against the portion conveyed to good-faith purchasers before the time of filing" *(Matter of Niagara Venture v Sicoli & Massaro, supra,* at 181). The same rationale is applicable to this case.

It is undisputed that the plaintiff in this case filed its notice of a mechanic's lien after the developer M.F.D. Realty Holding, Ltd., (hereinafter MFD) had conveyed its interest in the

liened premises to the defendant N.F.B. Development Corporation (hereinafter NFB). The deed between MFD and NFB was recorded prior to the plaintiff's filing of its notice of lien, and it contains the statutory language of Lien Law § 13 (5) *(see, Leonard Eng'g v Zephyr Petroleum Corp.,* 135 AD2d 795). Therefore, in the absence of any proof of collusion or fraud, the notice of lien is ineffective against NFB *(see, Comfort-Craft Heating & Air Conditioning v Salamone,* 19 AD2d 760; 3 Warren's Weed, New York Real Property, Mechanic's Liens, § 13.07 [1]).

The parties' remaining contentions are without merit. Miller, J. P., Pizzuto, Joy and Friedmann, JJ., concur.