(74 App. Div. 214.)

### BEATTYS v. SEARLES et al.

(Supreme Court, Appellate Division, First Department.　July 8, 1902.)

1. MECHANIC'S LIEN—FRAUDULENT CLAIM.

A mechanic's lien was filed for $9,150,—the amount due if the contract had been carried out.　The notice recited that all the materials, etc., for which the lien was claimed, had been furnished, except materials, etc., of a value not to exceed $6,650.　The amount actually due was $2,500, and the release bond was for $3,000.　Held, that the lien was not fraudulent in exaggerating the amount due, and void, as the claim as to the amount due was a mistake not harmful to the owners, as evidenced by the amount of the bond given.

2. SAME—QUANTUM MERUIT.

A complaint in an action to impose a mechanic's lien alleged, and the evidence showed, that plaintiff was entitled to receive, according to the term of the contract, payments up to the time he was permitted to work, and that when he stopped there was due to him the amount claimed.　Held, that the action was not for quantum meruit, requiring proof of the actual value of the labor and materials furnished

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by George D. Beattys, trustee in bankruptcy, against Arthur C. Searles, the Union Surety Company, and others, to enforce a mechanic's lien.　From a judgment for plaintiff, the surety company appeals.　Affirmed.

The action herein was originally brought by Martin V. Cook to enforce a mechanic's lien which he had filed against property located at Eighty-Sixth street and Amsterdam avenue, owned by the defendants Searles and Stevens, with whom he had entered into a written contract to furnish iron-work for the sum of $10,105, of which the first and second installments, amounting to $3,500, had become due, and but $1,000 was paid.　He included as defendants, besides Searles and Stevens, the Union Surety Company, their surety upon a bond of $3,000 discharging the lien, and other lienors, who defaulted.　Subsequently Cook was, upon his own petition, adjudged a bankrupt, and his trustee in bankruptcy was substituted as plaintiff in this suit.　The lien, instead of being filed for the amount of $2,500, which it is sought in this action to recover, was filed for the sum of $9,150, the amount due if the contract had been carried out; but the notice of lien recited "that all the materials and work for which the lien is claimed, and the labor performed or to be performed, and materials furnished or to be furnished, have been actually furnished and performed, except materials consisting of iron beams, columns, stairs, fire escapes, etc., and labor in putting same in, of a value not to exceed $6,650."　At the opening, amendment of the answer was allowed,—that the lien was filed for an exaggerated amount.　Upon the testimony adduced, the court found that there became due from the owners $3,500 "upon and according to the terms of the contract," of which $1,000 was paid, and that $45 was due for extra work.　From judgment entered in accordance with these findings, the defendant surety company appeals.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Mandeville C. Jacobus, for appellant.
Thaddeus D. Kenneson, for respondent.

O'BRIEN, J.　Two grounds are relied upon to reverse the judgment, of which the first is that the lien was fraudulent, in exagger-

77 N.Y.S.—32

ating the amount due. The answer to this is that it was neither intentionally false, nor in fact misleading. When it is read as a whole, the statement of the amount cannot, at best, be construed into anything more than a mistake in the method of formulating the claim, because, although the notice first recites that the plaintiff has a lien of $9,150, which was the entire contract price, less what had been paid, thereafter it states that there remained to be done by the plaintiff under the contract about $6,500 of work, which sum, if deducted, shows that the amount the plaintiff actually claimed, and which in this manner appeared from the face of the lien, was but $2,500. That this is the true construction to be taken of the wording of the lien, and that the defendants were in no way injured thereby, appears from the fact that the bond given to release it was in the sum of but $3,000, which included, in addition to the claim of $2,500, sufficient to cover interest and costs.

The appellant's second contention is that the judgment cannot stand, because the action was brought upon quantum meruit, and no evidence was given upon the trial as to the actual value of the labor and materials furnished by the plaintiff; the only proof offered being the amount fixed by the contract as payable in the first installments for such work. To this claim there are two sufficient answers: One is that the question was not raised at special term; and the other, that, even if such objection had been made, it would not have been available, for the reason that it rests upon a false premise,—the appellant being in error in asserting that the action was framed upon the theory of a quantum meruit. What the plaintiff alleged in his complaint, and what was proved upon the trial, was that he was entitled to receive, according to the terms of the contract, certain payments or installments, and that up to the point that he was permitted to do the work, and when he was stopped on account of the insolvency and inability of the builder to continue, there was due to him under the contract the payment or sum to recover which the suit was instituted. In this respect, therefore, the case is clearly distinguishable from Wyckoff v. Taylor, 13 App. Div. 240, 43 N. Y. Supp. 31.

The judgment accordingly should be affirmed, with costs.

PATTERSON, McLAUGHLIN, and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I dissent. The lien filed was so grossly excessive that it could not have been filed in good faith.