---

(100 App. Div. 440)

ARMSTRONG v. CHISHOLM et al.

(Supreme Court, Appellate Division, First Department. January 13, 1905.)

1. MECHANIC'S LIEN—SUFFICIENCY OF NOTICE.
    A notice of lien stating that it is for "labor performed  *  *  *  and the materials furnished and to be furnished" is fatally defective, though another part of the notice states the amount remaining unpaid "for such labor and materials."

2. SAME.
    A notice of mechanic's lien must be sufficient in itself, without reference to extrinsic proof, to render it sufficient.

Appeal from Special Term, New York County.

Action by James Armstrong against Mary A. Chisholm and others. From a judgment for defendants, plaintiff appeals. Affirmed.

See 91 N. Y. Supp. 299.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

G. V. Brower, for appellant.

F. Woodbridge, for respondents.

PATTERSON, J. This is an action to foreclose a mechanic's lien. It was decided at the Special Term upon an agreed statement of facts, from which it appears that the defendant Mary Chisholm was the owner of the premises against which the lien was filed. She contracted with Andrew J. Robinson, doing business under the name of Robinson & Wallace, for the performance of certain work and furnishing of cer-

¶ 2. See Mechanics' Liens, vol. 34, Cent. Dig. § 208.

tain materials, and there was due from her to Robinson & Wallace the
sum of $12,805, with interest. The plaintiff, Armstrong, had a con-
tract with Robinson, and there was due the plaintiff upon that contract
the sum of $1,907.94, for which the lien was filed. Various amounts
were due other defendants, but it is unnecessary to refer to them par-
ticularly. On March 7, 1900, the defendant Robinson made an as-
signment for the benefit of creditors to the defendant Charles L. Tal-
bot. On March 9, 1900, Armstrong filed a lien against the premises,
and in the notice of lien, among other things, it is stated as follows:

"(4) The labor performed was plumbing work in connection with alterations,
and the materials furnished or to be furnished, and the agreed price or value
thereof, is galvanized iron pipe and fittings to be used throughout the build-
ing and improvements on the property hereinafter described, at the agreed
price of $13,188.

"(5) The amount unpaid to the lienor for such labor and materials is $1,-
907.94."

The facts above stated are sufficient to present the only question re-
quiring consideration in this case. The appeal is by the plaintiff, and
upon the facts stated the justice at Special Term held that the plaintiff
was not entitled to a lien, by reason of the defective character of the
notice of lien, but he was allowed a personal judgment against the de-
fendant Andrew J. Robinson.

The court below was correct in holding that the notice of lien was
defective. Similar notices have been condemned as being insufficient.
Bradley & Currier Co. v. Pacheteau, 71 App. Div. 148, 75 N. Y. Supp.
531; Bossert v. Fox, 89 App. Div. 7, 85 N. Y. Supp. 308; Satzinger
v. The Chebra Chai Odom Anshi Minsk, 91 App. Div. 612, 86 N. Y.
Supp. 1146; Westergren v. Pabst Brewing Co. (decided December 9,
1904, by this court) 91 N. Y. Supp. 1117. The case of New Jersey
Steel & Iron Co. v. Robinson, 85 App. Div. 512, 83 N. Y. Supp. 450,
affirmed 178 N. Y. 632, 71 N. E. 1134, announces the general principle
involved, which is that a notice of a mechanic's lien, in order to be ef-
fective, must comply substantially with all the requirements of the
lien law, and that a notice which, in attempted compliance with that
law, states that "the labor performed or to be performed and the materi-
als furnished or to be furnished" is fatally defective so far as it relates
to labor and materials. It is, however, suggested that in the case at
bar that rule does not apply. It is admitted that, if the fourth para-
graph of the notice of lien, as above quoted, were all that is involved,
the lien would necessarily fail; but it is said that by the fifth paragraph
of that notice it is stated that the amount unpaid to the lienor "for such
labor and materials" is a certain fixed sum, and hence it is insisted that
that statement saves the notice, and relieves it from the vagueness and
uncertainty which arise only out of the statement of the 4th paragraph.
In the New Jersey Steel & Iron Co. Case, supra, the notice of lien re-
ferred to work, labor, and materials, and it was condemned by the court
as being insufficient with respect to those two subjects; but it also
referred to extra work, and it was sufficiently precise and exact with
reference to that extra work having been performed to entitle the lienor
to his lien to that extent, and the notice was held good pro tanto. But
there is nothing in the fifth paragraph of the notice of lien now before

us which separates anything, so that any item of it could be made distinctively the subject of a valid lien under the form of the notice. This fifth paragraph simply states that the amount unpaid to the lienor for such labor and materials—that is, referring back to the fourth paragraph—"labor or materials furnished or to be furnished"; and the fifth paragraph is as indefinite as the fourth. What could specifically be declared to be, under the fifth paragraph, the subject of the lien? Is it for labor done or for materials to be furnished? If there were a specification of the amount due for labor, then what is said in the New Jersey Steel & Iron Co. Case might apply. But in order to determine that it would be necessary to ignore the notice as filed, and resort to proof to amplify and change it. In other words, a new notice would be made by testimony; not by proof to sustain a lien, but by proof of what the lienor intended to express in his notice.

The notice is inherently defective, and must be so regarded, if we are to follow the decisions made by the courts upon the subject. A notice of lien must be sufficient in and of itself, without reference to extrinsic proof to supplement deficiencies in it, and therefore we think the judgment of the court below was right, and should be affirmed, with costs.

O'BRIEN and LAUGHLIN, JJ., concur.  VAN BRUNT, P. J., and HATCH, J., concur in result.