HURLEY v. TUCKER et al.

(Supreme Court, Appellate Division, First Department. November 13, 1908.)

1. MECHANICS' LIENS (§ 136*)—PROCEEDINGS TO PERFECT—SUFFICIENCY OF DE-
     SCRIPTION OF PREMISES—STATUTORY PROVISIONS.
        The description of premises required by Lien Law, Laws 1897, p. 518,
     c. 418, § 9, subd. 7, providing that the notice of a mechanic's lien must
     contain a description of the property subject thereto sufficient for identi-
     fication, and, if in a city or village, its location by street and number if
     known, is sufficient if it enables one familiar with the location to identify
     the premises with reasonable certainty, even though it be inaccurate.
        [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 214; Dec.
     Dig. § 136.*]

2. MECHANICS' LIENS (§ 136*)—PROCEEDINGS TO PERFECT—SUFFICIENCY OF DE-
     SCRIPTION OF PREMISES.
        A description of premises in a notice of mechanic's lien, as a stable
     located on lots in New York City, borough of Manhattan, known as Nos.
     166–172 Perry street, is sufficiently definite.
        [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 217;
     Dec. Dig. § 136.*]

3. EVIDENCE (§ 460*)—ENFORCEMENT—EVIDENCE AS TO IDENTITY OF PREMISES.
        While the notice of a mechanic's lien must be sufficient in itself to
     identify the property, and evidence dehors cannot be received to supply a
     deficiency, yet if the property be sufficiently identified in the notice, evi-
     dence of its exact dimensions may be received to enable a proper decree
     to be drawn.
        [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2117; Dec. Dig.
     § 460.*]

4. MECHANICS' LIENS (§ 136*)—PROCEEDINGS TO PERFECT—SUFFICIENCY OF NO-
     TICE—CLERICAL ERRORS.
        The fact that an obvious clerical error appeared in a superfluous clause
     of a notice of a mechanic's lien, in that the name of the street where the
     premises were located was misspelled, did not invalidate the notice where
     it was not calculated to mislead any one having knowledge of the prem-
     ises and intended to be affected by the notice and no one was misled.
        [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 219;
     Dec. Dig. § 136.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. MECHANICS' LIENS (§ 139*)—PROCEEDINGS TO PERFECT—SUFFICIENCY OF NO-
TICE—STATUTORY PROVISIONS.
    Where a notice of a mechanic's lien stated that the lienor under the
contract was to receive $13,834 on or before the completion of the work,
that it had been paid only $3,308.20 and had earned $10,634 of which
$7,325.80 was then unpaid, and that when the contract was completed an
additional $3,200 would be due lienor, there was a compliance with Lien
Law, Laws 1897, p. 518, c. 418, § 9, subds. 4, 5, providing that the notice
must contain the labor performed or to be performed, or materials fur-
nished or to be furnished, with the agreed price or value, and the amount
unpaid to the lienor.
    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 236;
Dec. Dig. § 139.*]

6. MECHANICS' LIENS (§ 147*)—PROCEEDINGS TO PERFECT—SUFFICIENCY OF NO-
TICE—STATUTORY PROVISIONS.
    The amount for which a lien was sought being easily ascertained by
simple mathematical calculation, the notice was not invalidated by a cleric-
al error in a superfluous clause thereof in misstating the amount claimed
which was not calculated to and did not mislead.
    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 253; Dec.
Dig. § 147.*]

7. MECHANICS' LIENS (§ 146*)—PROCEEDINGS TO PERFECT—SUFFICIENCY OF NO-
TICE—STATUTORY PROVISIONS.
    A notice of mechanic's lien which stated that the first item of work was
done and the first item of material furnished on or about May 9, 1905, was
a sufficient compliance with Lien Law, Laws 1897, p. 518, c. 418, § 9, subd.
6, requiring the notice to state the time when the first items of work
and materials were furnished, since only such certainty was necessary
as would enable those interested to discover during what periods the work
was done and materials furnished.
    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 247,
248; Dec. Dig. § 146.*]

8. MECHANICS' LIENS (§ 135*)—PROCEEDINGS TO PERFECT—SUFFICIENCY OF NO-
TICE—NAME AND RESIDENCE OF LIENOR—"PRINCIPAL OFFICE"—"PRINCI-
PAL PLACE OF BUSINESS."
    A notice of mechanic's lien describing the lienor as the Wright-Easton-
Townsend Company, a corporation of the state of New York, with its
principal office in the city of New York, at a given street number, was a
compliance with Lien Law, Laws 1897, p. 518, c. 418, § 9, subd. 1, requiring
the notice to state the business address and principal place of business of
a lienor corporation; the terms "principal office" and "principal place of
business" being synonymous terms when used in respect to New York
corporations, and the assumption being that the principal office of such
a corporation is both its "principal place of business" and "business ad-
dress."
    [Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 135.*
    For other definitions, see Words and Phrases, vol. 6, pp. 5559–5560.]

9. MECHANICS' LIENS (§ 155*) — PROCEEDINGS TO PERFECT—MISTAKE BY CLERK
IN DOCKETING.
    The fact that the clerk of court in docketing a mechanic's lien made
a mistake in the description of the premises and in the amount did not
affect the claimant's rights, since his duty was performed when he filed
the notice with the clerk.
    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 186;
Dec. Dig. § 155.*]

10. MECHANICS' LIENS (§ 161*)—ENFORCEMENT—INTEREST.
    Where the owner of premises holding funds for those contractors and
subcontractors entitled thereto could not safely pay it over before judg-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment in the proceedings determining their rights, he was not chargeable with interest thereon.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 283; Dec. Dig. § 161.*]

**11.** APPEAL AND ERROR (§ 173*)—RESERVATION OF GROUNDS OF REVIEW—QUESTIONS RAISED FOR FIRST TIME ON APPEAL.

A claim that a defendant in mechanic's lien proceedings was entitled as a materialman to priority of lien over contractors and subcontractors, not presented by any request or exception in the lower court, cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 173.*]

McLaughlin and Laughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by John Hurley against Edwin Tucker and others, impleaded with the Empire Brick & Supply Company, to foreclose a mechanic's lien. From the judgment (53 Misc. Rep. 464, 105 N. Y. Supp. 162), plaintiff and defendant company appeal. Affirmed.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

Lamont McLoughlin, for appellant John Hurley.

Benjamin F. Edsall, for appellant Empire Brick & Supply Co.

Isidor Grayhead, for respondent Edmund Coffin.

Grant C. Fox, for other respondents.

SCOTT, J. This is an appeal by plaintiff and one defendant from the judgment entered in an action to foreclose a mechanic's lien. The defendant Edmund Coffin was, in the years 1905 and 1906, the owner of certain premises on the southerly side of Perry street in the city of New York, known by the street numbers as Nos. 166 to 172 Perry street. On April 8, 1905, he made a contract with the defendants Tucker, as general contractors, to construct on the premises a six-story stable building for the sum of $53,771. The Tuckers sublet portions of the work to various subcontractors, and in November, 1905, abandoned the work. The defendant Coffin, pursuant to the terms of his contract, proceeded to complete the building at the expense of the general contractors, and, so completing it, had left in his hands a fund of $10,480.12 for whomsoever might be entitled thereto. When the Tuckers abandoned the work a number of their subcontractors filed notices of liens. The first notice to be filed was that of the defendant Wright-Easton-Townsend Company, and the validity of that notice of lien is the principal question raised by and discussed upon this appeal. If the notice should be now found to be so defective as to invalidate the lien claimed thereby, it would involve a reversal of the judgment appealed from. The notice of lien is attacked on several grounds; First, that it does not contain a sufficient description of the property upon which a lien is sought to be impressed; second, that it does not correctly state the amount claimed to be due, and was consequently docketed for a wrong sum; third, that, if valid at all, the lien attached only for the sum of $1,525.80, the sum for which it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was docketed; fourth, that it does not state with sufficient precision when the first item of work was done, and the first item of material furnished; and, fifth, that the notice does not state the business address and principal place of business of the lienor.

Before proceeding to consider these objections in detail, it is well to recall section 22 of the lien law (chapter 418, p. 525, Laws 1897), which provides that:

"This article is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same."

To this provision we are bound to give full effect.

The contested notice of lien in its first clause stated that the Wright-Easton-Townsend Company "has and claims a lien for the price and value of the labor done and materials furnished, which are hereinafter mentioned, upon the stable in the course of erection, located upon the lots and parcels of land in the borough of Manhattan, city, county, and state of New York, known and designated as Nos. 166–172 Perry street." The lien law (section 9, subd. 7) requires that a notice of lien must contain a statement of "the property subject to the lien with a description thereof sufficient for identification, and, if in a city or village, its location by street and number if known." The general rule respecting the sufficiency of description, as applied by the courts in this and other jurisdictions, is that formulated in Phillips on Mechanics' Liens (3d Ed.) § 379, as follows:

"Among those laid down, and probably the best rule to be adopted, is that, if there appears enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty to the exclusion of others, it will be sufficient. There is great reluctance to set aside a mechanic's lien merely for loose description, as the acts generally contemplate that the claimants should prepare their own papers; and it is not necessary that the description should be either full or precise. It is enough that the description points out and identifies the premises, so that by applying it to the land it can be found and identified. A description that identifies is sufficient though inaccurate. If the description identifies the property by reference to facts—that is, if it points clearly to a piece of property and there is only one that will answer the description—it is sufficient."

Tested by this rule, it would seem that the description above quoted from the contested lien was sufficiently definite to satisfy the statute. To any one familiar with the locality, there certainly could be no doubt what property was intended to be described, for there could have been only one stable in the course of erection at Nos. 166–172 Perry street. Certainly neither the owner, or any other lienor who furnished work or materials toward the construction, could have entertained any doubt as to what particular property was intended to be described; and it is only the owner and other lienors who have to be considered in this case. Sprickerhoff v. Gordon, 120 App. Div. 748, 105 N. Y. Supp. 586, much relied upon by the appellant, is not at all in point. The question of the sufficiency of the notice of lien arose in that case upon an application to compel the purchaser, upon a sale of real estate under foreclosure of a lien, to accept the referee's deed, and the application was denied because the notice was deemed to be

of doubtful validity and upon the well-settled rule that a purchaser will not be compelled to take a doubtful title or one which he may be obliged to defend by litigation. The defects found in the notice of lien were much more serious that those under consideration in the present case. No attempt was made to give the street number, and while an attempt was made to give the exact boundaries of the property to be affected it had been erroneously described as being 25 feet in width, whereas it was in fact 50 feet wide. It may well be that the description of the property in the notice of lien now under consideration would not be sufficiently precise to serve as a description in a deed of the premises, but the statute does not require such precision. It is satisfied with a description that identifies. In case of a judgment of foreclosure no difficulty would be found in inserting a more formal description, as was in fact done in the present case. Much less precise descriptions than that contained in the respondent's notice have been held sufficient in contracts for the sale of real estate to justify decrees for specific performance. Miller v. Tuck, 95 App. Div. 134, 88 N. Y. Supp. 495; Waring v. Ayers, 40 N. Y. 357; Pelletreau v. Brennan, 113 App. Div. 806, 99 N. Y. Supp. 955. It is quite true undoubtedly that the notice must be sufficient in itself to identify the property, and that evidence dehors cannot be received to supply a deficiency in that regard (Armstrong v. Chisolm, 100 App. Div. 440, 91 N. Y. Supp. 693); but if the property be sufficiently identified in the notice, evidence of its exact dimensions may be received upon the trial so as to enable a proper decree to be drawn. In a later and quite superfluous clause in the notice of lien it was stated that "the property to be charged with a lien is described as Nos. 166–172 Perry street, borough of Manhattan, city, county and state of New York." To write the word "Ferry" instead of "Perry" was obviously a clerical error, and one not calculated to mislead any one having knowledge of the premises and intended to be affected by the notice, and in point of fact no one was misled. The same superfluous clause stated that "the amount for which lien is claimed is $1,525.80." Here, again, was an obvious clerical error, which misled no one. The notice of lien described with particularity the work and materials which the lienor had contracted to do and furnish, and that about five-sevenths of the work had been done and materials furnished as provided by the contract, leaving about two-sevenths of the materials to be furnished and about two-sevenths of the work to be done. The notice then stated that under its contract with the general contractors the lienor was to receive the sum of $13,834 on or before the completion of the work; that the claimant had been paid only $3,308.20; that the claimant had earned on said contract $10,634, and that there was then earned and unpaid $7,325.80, and there would be due and owing to claimant when the contract was completed the sum of $3,200 in addition to said sum of $7,325.80. Subdivisions 4 and 5 of section 9 of the lien law provide that the notice of lien must contain "(4) the labor performed or to be performed, or materials furnished or to be furnished and the agreed price or value thereof," and "(5) the amount unpaid to the lienor for such labor or materials." The notice of lien complies with the foregoing requirements of the lien law. It states the whole

amount of the contract, the agreed price, the proportion which has been performed and the proportion still to be performed, and the amount which has been earned, the sum which has been paid on account, the amount due and unpaid when the notice was filed, and the amount which will be due when the contract is wholly fulfilled.

By a simple mathematical calculation, which is perfectly allowable (Beattys v. Searles, 74 App. Div. 214, 77 N. Y. Supp. 497; Woolf v. Schaefer, 103 App. Div. 567, 93 N. Y. Supp. 184), it is apparent that the amount for which the claimant seeks to establish a lien is the sum of $7,325.80 and $3,200, or $10,525.80, and any one having occasion to examine the notice of lien could not fail to see at once that the statement in the later clause that the amount claimed was $1,525.-80 was a perfectly obvious clerical error, and that the sum really claimed was $10,525.80. This error was not calculated to mislead any one, and again no one was misled by it. The lien law further requires that the notice shall state "the time when the first and last items of work were performed and materials were furnished." Subdivision 6, § 9. The notice in question stated that "the first item of work was done, and the first item of material was furnished on or about the 9th day of May, 1905." This we consider to have been a substantial and sufficient compliance with the statute. Mahley v. German Bank, 174 N. Y. 499, 67 N. E. 117. "As to the time and dates of work done and material furnished for which a lien is claimed, all that is required is such certainty as will enable those interested to discover during what period the materials were delivered or the work done so as to individuate the transaction." Cyc. 182. The lien law further requires that the notice of lien shall state "the name and residence of the lienor; and if the lienor is a partnership or a corporation, the business of said firm or corporation, the name of the partners and principal place of business, and if a foreign corporation, its principal place of business within the state." Subdivision 1, § 9.

The notice described the lienor as the "Wright-Easton-Townsend Company, a corporation of the state of New York, with its principal office in the city of New York at No. 603 West 45th street, borough of Manhattan, city, county and state of New York." The terms "principal office" and "principal place of business" have been held to be synonymous terms when used with respect to corporations organized under the laws of this state (People ex rel. Knickerbocker Press v. Barker, 87 Hun, 341, 34 N. Y. Supp. 269), and it is to be assumed that the "principal office" of such a corporation is both its "principal place of business" and its "business address." The objection to the notice upon this score is unsubstantial. It appeared that the clerk erroneously docketed the lien against 166–172 Ferry street, and for only $1,525.80. This, however, cannot affect the claimant's rights if the notice was, as we think it was, sufficient under the statute. The claimant's duty was performed when he filed the notice with the clerk, for "the failure of a public official to perform his duty in filing a paper does not impair the rights of the individual who has properly delivered the paper to him or his authorized representative for such purposes." Fink v. Wallach, 109 App. Div. 718–721, 96 N. Y. Supp. 543–545. It is significant, and not without weight, that none of the subsequent lien-

ors who now contest the validity of the lien under consideration have suffered any disadvantage from any one of the supposed defects upon which they insist. They did not rely upon the docket, and were not misled by the notice, nor did any of the alleged errors cause any one of them to do, or to refrain from doing, any act which they would not have done or refrained from doing if the notice had been in all respects formal and conventional.

No other question in the case seems to call for extended discussion. The court properly refused to charge Coffin, the owner, with interest upon the funds remaining in his hands, for there never was a time before judgment when he could safely pay it over. The claim of the defendant-appellant Empire Brick & Supply Company that it is entitled, as a materialman, to priority of lien over contractors and subcontractors, if it has any merit, comes too late to be considered. It was not presented by any request or exception below, and is raised for the first time on appeal. The judgment appealed from will therefore be affirmed, with costs to the respondents Edmund Coffin and Wright-Easton-Townsend Company, payable out of the fund.

PATTERSON, P. J., and HOUGHTON, J., concur.

McLAUGHLIN, J. (dissenting). I am unable to concur in the prevailing opinion, in so far as it holds that the Wright-Easton-Townsend Company acquired a valid lien by the notice filed by it on November 15, 1905. This notice, even though it be construed liberally, did not comply with the statute, especially in that it failed to describe the property upon which the lien was claimed. The words used to describe the property were:

"That the property to be charged with the lien is described as Nos. 166–172 Ferry street, borough of Manhattan, city, county and state of New York."

No other description appears in the notice. There is no diagram of the property, nor is there anything to indicate—other than the numbers—on which side of the street or between what streets or avenues the property is located, or what the width or depth of the lots are. This is not a substantial compliance with the statute, which requires that the notice filed must contain, among other things, a description of the property upon which the lien is claimed "sufficient for identification; and if in a city or village, its location by street and number if known." Subdivision 7, § 9, c. 418, p. 518, Laws 1897. The notice filed must contain a description of the property sufficient, in and of itself, to enable such property to be identified. Resort cannot be had to extrinsic proof to supplement or make good a defective notice. Armstrong v. Chisolm, 100 App. Div. 440, 91 N. Y. Supp. 693. A description only by street numbers in the city of New York is not enough. Sprickerhoff v. Gordon, 120 App. Div. 748, 105 N. Y. Supp. 586, because the statute expressly provides that the description must be sufficient to identify the property, and, in addition, if in a city or village, its location by street and number, if known. This property was located in the city of New York. The street and numbers were known, because they were given.

It is true that the statute is remedial and by express provision is to receive a liberal construction, but this does not justify the court in disregarding the statute or dispensing with its positive requirements. Mahley v. German Bank, 174 N. Y. 499, 67 N. E. 117.

The notice is also defective in that it states in one part of it that the stable referred to is located upon lots "known and designated as Nos. 166–172 Perry street," while in the other part, where it purports to give a description of the property sought to be charged with the lien, it states that the same "is described as Nos. 166–172 Ferry street." Toop v. Smith, 181 N. Y. 283, 73 N. E. 1113. The notice is so indefinite that the property upon which the lien is sought could not be located by it.

I am of the opinion, therefore, that the judgment, in so far as it holds that the Wright-Easton-Townsend Company acquired a valid lien by the notice referred to, should be reversed.

LAUGHLIN, J., concurs.