CANDEE v. BAKER et al.

(Supreme Court, Appellate Division. First Department.   April 8, 1909.)

PARTNERSHIP (§ 327*)—ACTIONS—COMPLAINT.

  The complaint for dissolution of partnership and an accounting, alleging the forming of a partnership by plaintiff and defendant; the conveyance of real estate by defendant to plaintiff, the purchase price being charged to the partnership; that the title, while nominally in plaintiff, was in fact held by him for the benefit of the partnership; that in holding such title he acted as trustee and partner of defendant; that plaintiff rendered services for the partnership; that defendant had diverted to his own use money which belonged to the partnership, and which he had refused to return or account for; and that by reason of such diversion plaintiff, in carrying on the partnership business, had personally advanced money to it—states a cause of action, notwithstanding the allegations of the agreement between plaintiff and a third person; the purpose of this agreement being alleged to have been to conceal defendant's connection with the partnership and enable him to avoid liability, and such third person being merely defendant's representative.

  [Ed. Note.—For other cases, see Partnership, Dec. Dig. § 327.*]

Appeal from Special Term, New York County.

Action by Fernando C. Candee, Jr., against Hyman D. Baker and others. From a judgment sustaining a demurrer of defendant Baker to the complaint, plaintiff appeals. Reversed, and demurrer overruled, with leave to answer.

Argued before PATTERSON, P. J., and LAUGHLIN, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Walter F. Peacock, for appellant.
William F. Clare, for respondent.

McLAUGHLIN, J.   This appeal is from an interlocutory judgment sustaining a demurrer interposed by the defendant Hyman D. Baker to the complaint upon the ground that it does not state as to him facts sufficient to constitute a cause of action. The complaint alleges, among other things, that in or about the month of May, 1905, the plaintiff and defendant Hyman D. Baker formed a partnership for the purpose of erecting seven apartment houses upon certain real estate in the city of New York, the title to which Baker and another conveyed to the plaintiff; that the title to said real estate was taken in the name of the plaintiff, with the understanding and agreement that the reasonable value thereof should be charged to said partnership, and that the plaintiff should hold the title for it, and should act as the trustee and partner of the defendant Baker in reference to such property and the buildings to be erected thereon; the giving of certain mortgages upon the property for the purpose of securing means to carry on the partnership business; the receipt of certain moneys by Baker, and a diversion of a portion of the same by him to his own use, by reason of which he is now indebted to the partnership in the sum of at least $40,000; that the plaintiff has requested him to adjust and settle the same, but he has refused to do so. The complaint further alleges that, at the time of the formation of the partnership, Baker, for the purpose of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

concealing his connection with it, and to avoid liability as a partner, caused a certain agreement, a copy of which is annexed to and made a part of the complaint, to be entered into on his behalf by the defendant Wolf with the plaintiff; that Wolf had no interest in the agreement, and in executing it did so solely for and merely as the representative of Baker, who, after its execution, assumed to act in place of Wolf; that the plaintiff duly performed all the terms and conditions of the agreement on his part to be performed; and that the defendant Baker had failed to perform. The judgment demanded is a dissolution of the partnership and an accounting, a sale of the partnership property, payment of the debts, division of the profits between plaintiff and Baker, and for an injunction.

The demurrer, of course, admits as true every fact set forth, as well as every fact that can be reasonably and fairly implied from those pleaded. Coatsworth v. Lehigh Valley R. R. Co., 156 N. Y. 451, 51 N. E. 301; Triggs v. Sun Printing & Publishing Association, 179 N. Y. 144, 71 N. E. 739, 66 L. R. A. 612, 103 Am. St. Rep. 841; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513; Milliken v. Western Union Telegraph Co., 110 N. Y. 403, 18 N. E. 251, 1 L. R. A. 281. Not only this, but, for the purpose of determining whether the complaint states a cause of action, its allegations must be liberally construed with the view of doing substantial justice between the parties. Code Civ. Proc. § 519. The demurrer, therefore, admits that the plaintiff and Baker did form a partnership; the conveyance of certain real estate by Baker to the plaintiff, the purchase price of which was charged to the partnership; that the title to such real estate, while nominally in the plaintiff, was in fact held by him for the benefit of the partnership; that in holding such title he acted as trustee and partner of Baker; the rendering of services by the plaintiff for the partnership; that Baker had diverted to his own use large sums of money, which belonged to the partnership, and which he had refused to return or account for; and that by reason of such diversion the plaintiff, in carrying on the partnership business, had personally advanced to it $16,000.

The facts which were thus admitted by the demurrer are not destroyed by the agreement alleged to have been entered into between plaintiff and Wolf. The purpose of this agreement, according to the allegation of the complaint, was to conceal Baker's connection with the partnership and enable him to avoid liability thereunder. I am of the opinion that the facts set forth in the complaint are sufficient to constitute a cause of action against the respondent.

For that reason, the judgment appealed from is reversed, with costs, and the demurrer overruled, with costs, with leave, however, to the respondent to withdraw his demurrer and answer, on payment of the costs in this court and in the court below. All concur.