## KRAUSS v. BRUNETT.

(Supreme Court, Special Term, Niagara County. September 14, 1911.)

1. MECHANICS' LIENS (§ 275*)—PROCEEDINGS TO FORECLOSE—DEMURRER—CONSIDERATION.

    In determining a demurrer to the complaint in proceedings to foreclose a mechanic's lien for insufficiency, etc., of a notice of lien, the complaint proper must be considered, with a notice of lien attached to and made a part thereof.

    [Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 275.*]

2. PLEADING (§ 214*)—DEMURRER—ADMISSION.

    On a demurrer to the complaint in a mechanic's lien proceeding, all facts alleged therein as well as those fairly implied are admitted.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

3. MECHANICS' LIENS (§ 5*)—CONSTRUCTION OF LIEN LAW.

    Under Lien Law (Consol. Laws 1909, c. 33) art. 2, § 23, providing that a substantial compliance with its provisions shall be sufficient for the validity of a lien and give jurisdiction to enforce it, the mechanics' lien law should be liberally construed to effectuate its purposes, though essential requirements thereof cannot be ignored.

    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 3, 5; Dec. Dig. § 5.*]

4. MECHANICS' LIENS (§ 275*)—FORECLOSURE PROCEEDINGS—DEMURRER—QUESTIONS RAISED—DESCRIPTION OF PROPERTY.

    The question of whether the description in the complaint in proceedings to foreclose a mechanic's lien as property located in subdivision B, and its

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

, description elsewhere therein as located in subdivision D, would invalidate the lien, cannot be considered on demurrer to the complaint.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 275.*]

5. MECHANICS' LIENS (§ 147*)—NOTICE OF LIEN—SUFFICIENCY OF LABOR AND MATERIALS.

The notice of lien given in proceedings to enforce a mechanic's lien stated that $1,305.57 was the value and agreed price of "certain work, labor and service," done and furnished, and that the labor was completed, and "the labor performed is plumbing work," and "that the materials furnished are all furnished" on a certain date, describing them, and further stated "that the amount unpaid to said lienor for such labor is $1,305.57; that the amount unpaid to said lienor for such materials and labor is $1,305.57." Held, that it could be ascertained from the notice that the value and agreed price of the labor done and materials furnished were $1,305.57, and that such amount was unpaid so that it sufficiently stated the value of the labor and material; it not being necessary to show what part was for labor, and what part was for materials.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 253; Dec. Dig. § 147.*]

6. MECHANICS' LIENS (§ 136*)—NOTICE OF LIEN—DESCRIPTION OF PROPERTY.

The description of the property in a notice of lien in proceedings to enforce a mechanic's lien, with reference to a particular map, giving the name of the highway and the side thereof upon which it was located, is sufficient, though it does not state the street number; it not appearing whether the street is numbered.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 213–224; Dec. Dig. § 136.*]

Action by Christopf F. Krauss against Maggie B. Brunett. Upon demurrer to the complaint. Demurrer overruled.

William B. Simson, for plaintiff.

Kenefick, Cooke & Mitchell, for defendant.

POOLEY, J. The demurrer to plaintiff's complaint herein interposed by the defendant upon the action to foreclose a mechanic's lien upon the ground that the complaint does not state facts sufficient to constitute a cause of action for that purpose, first, because the premises described in the complaint are not the same premises described in the notice of lien; second, because the notice of lien attached to the complaint and made a part thereof is defective and insufficient in the following particulars:

(a) It is alleged that the notice only states the amount remaining unpaid, and does not state the whole value or agreed price of the labor and materials.

(b) That the notice is not in accordance with subdivision 7, § 9, of the lien law (Consol. Laws 1909, c. 33), in that it fails to give the street number of premises, which it is alleged by the defendant is within an incorporated village.

[1, 2] In the determination of this demurrer, the complaint proper, together with the notice of lien attached thereto and made a part thereof, must be considered together, and all of the facts therein alleged, as well as every fact that can reasonably and fairly be implied therefrom, must necessarily stand as admitted. Candee v. Baker, 131 App. Div. 641, 116 N. Y. Supp. 55.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[3] Plaintiff lienor under section 23 of the lien law is entitled to a liberal construction of said law to secure the beneficial interests and purposes thereof. "A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same." The court, however, cannot overlook any of the necessary statutory requirements by reason of section 23 of the lien law.

[4] Under the complaint there appears to be at least two descriptions of the property, namely, property located in subdivision B and property located in subdivision D. Both descriptions certainly cannot be right, nor can it be inferred which of the two is wrong, and until that fact appears, not on demurrer, but as a matter of proof at the trial, this question cannot be passed upon. Under the case of Hurley v. Tucker, 128 App. Div. 580, 112 N. Y. Supp. 980, where a similar discrepancy as to the name of the street appears in a notice of lien, it was held not to invalidate the lien, that the property was sufficiently described for identification as between the lienor and the defendant, they being the only parties interested, and it was apparent that the discrepancy was a clerical error, and the lien should not therefore be held invalid.

[5] (c) It is also claimed that the notice of lien does not state the whole value of the labor and materials.

The notice does, however, set forth the following facts: "$1305.57, being for the value and agreed price of certain work, labor and services, etc." Subsequently in the lien it appears that the labor was completed, and "that the labor performed," the words "to be," having been stricken out, "is plumbing work," and "that the materials furnished are all furnished Dec. 15, 1910." Then follows a description of materials furnished, and the notice of lien continues:    \

"That the amount unpaid to said lienor for such labor is thirteen hundred & five $57/100$ dollars ($1305.57). That the amount unpaid to said lienor for such materials & labor is $1305.57 dollars."

As it appears under the recent case of Vitelli v. May, 120 App. Div. 449, 104 N. Y. Supp. 1882, this is sufficient, the court there stating what "the statute contemplates is that in filing a lien the lienor shall state the labor which has been performed and which is to be performed, or the materials which have been furnished or which are to be furnished, and to which the lien is to apply, to the end that the owner may know exactly what is involved in the lien." Continuing:

"We find nothing in the statute which indicates that it is necessary to make a statement in reference to said materials, or to indicate what portion is for labor or for materials, and none of the cases to which attention is called decides any such point."

It is apparent from the reading of the notice of lien that by mathematical calculation it can easily be ascertained that the value and agreed price of labor "completed" and "materials furnished" were $1,305.57, and that the amount unpaid is $1,305.57, and this seems to come within the rule laid down in Woolf v. Schaefer, 103 App. Div.

567, 93 N. Y. Supp. 184; Clark v. Heylman, 80 App. Div. 572, 80 N. Y. Supp. 794.

[6] This leaves for consideration the sole question as to whether or not the description of the property omitting the street number without a statement as to whether it is known to lienor or not is sufficient. It would seem that the description of the property with reference to a particular map, the name of the highway, and the side thereof upon which the property is situated, without anything upon this demurrer to indicate whether or not the property in this community bears numbers, would be sufficient description for the purposes of identification, that the defendant could in no way be deceived or misled, and that under a liberal construction of the statute the lienor has substantially complied with the requirements thereof.

This precise question seems never to have been up under the present law, but a description as follows: "The building situate in 85th street between Fourth and Fifth avenues"—without stating that the building is situate in the city or county of New York, but addressed to the clerk of the county, was held in the case of Tinker v. Geraghty, 1 E. D. Smith, 687, 1853, to have been sufficient.

The defendant upon demurrer also urges that the complaint does not state facts sufficient to constitute a cause of action, assuming the notice of lien to have been totally defective and invalid. It seems entirely unnecessary to determine this question at this time unless the demurrer to the cause of action to foreclose a lien is to be sustained. On the other hand, if the demurrer to the cause of action to foreclose a lien is sustained, the contention of the defendant upon the latter proposition is doubtless correct.

The defendant's demurrer to the plaintiff's complaint herein must be overruled, with leave to the defendant to answer upon payment of costs within 20 days.