In the Matter of EARL J. KEOUGH et al., Petitioners. ISRAEL AMTER et al., Respondents.

Supreme Court, Albany County, September 25, 1942.

*Frank Pedlow* (*Thomas J. Burke* of counsel), for petitioners.

*Joseph R. Brodsky* (*Morris Zuckman* of counsel), for respondents.

BERGAN, J. The candidates of the Communist Party, appearing specially, challenge the jurisdiction of the court to hear the objections to the independent nominating petition that have been made in this proceeding.

The Secretary of State has ruled that the Communist Party nominating petition is valid on its face. The Appellate Division of the Supreme Court has reversed the injunction heretofore granted by this court restraining the Secretary of State during the pendency of this proceeding from certifying the nominees designated in the Communist nominating petition (*Matter of Keough* [*Amter*], 264 App. Div. 960), and that injunction is now dissolved.

The power of the court to determine summarily whether the purported irregularities are sufficient to invalidate it is derived solely from the statute. (*Matter of Carson,* 254 App. Div. 801; *Schieffelin* v. *Britt,* 150 id. 568; affd., 206 N. Y. 677.)

The testimony taken establishes facts that are not in dispute. The nominating petition was delivered to the office of the Secretary of State for filing on August 28, 1942, at 3:55 P. M. It was not stamped "filed" until the following day, August 29. The objections to the nominating petition were filed September 1. The statute requires that objections be filed "within three days after the filing of the petition." (Election Law, § 142.) The nominating petition must be deemed "filed" when it was delivered to the Secretary of State for filing. (*Sweeney* v. *City of New York,* 225 N. Y. 271.) The clerical act of stamping "filed" on the nominating petition is given no statutory significance by article 3 of the Executive Law, by the Public Officers Law, or by any statute that has had my attention. It did not operate to suspend or to postpone the date of filing.

The objections that were filed September 1, therefore, came too late. The summary jurisdiction of the Supreme Court to deal with nominations is provided by subdivision 2 of section 330 of the Election Law. It has power to determine the validity of a nomination not made at a primary election in a proceeding instituted "by a person who shall have filed objections pursuant to section one hundred and forty-two." The failure to file the objections in time deprives the court of jurisdiction to determine the proceeding. (*Matter of Kavesh,* 247 App. Div. 175; *Matter of Taylor* v. *Redmond,* 239 id. 112. See also, *Matter of Bentley,* 160 Misc. 706; affd., by Appellate Division of this Department on separate grounds, 251 App. Div. 773.)

Therefore, the court is unable to act in the proceeding because the petitioners here, by failing to file the objections in time, have not established the necessary jurisdictional basis for the proceeding.

The filing stamp placed on the nominating petition by the Secretary of State a day after the petition was filed was undoubtedly misleading to the parties filing objections who felt themselves safe in relying on the Secretary of State's construction of the time of filing. But the mistake of a public officer does not halt the running of time against an instrument filed with him. (*Matter of Farrell* v. *Morton,* 268 N. Y. 622.) Since the time stamp has been given no statutory significance, it is neither a necessary part of the filing, nor binding on the parties who filed the nominating petition. (*Mutual Life Ins. Co.* v. *Dake,* 87 N. Y. 257.) Generally, the mistakes of recording officers in filing or indexing do not impair the rights of parties created by instruments properly filed. (*Hurley* v. *Tucker,* 128 App. Div. 580; affd., 198 N. Y. 534; *Fink* v. *Wallach,* 109 App. Div. 718; *Bedford* v. *Tupper,* 30 Hun, 174; *Simonson* v. *Falihee,* 25 id. 570.)

Since it now appears that the court is without power to entertain the proceeding or to inquire into its merits, the special appearance is sustained and the petition dismissed without costs.

Submit order.