■ In the Matter of HARRIET H. KINEBREW, Respondent, v LORITA WILLIAMS, Appellant, and ROBERT S. BLACK et al., Respondents.—In a proceeding to invalidate a petition designating Lorita Williams as a candidate in the Liberal Party primary election to be held on September 10, 1985 for the public office of Councilmember from the 26th Councilmatic District, Kings County, the appeals are (1) from a judgment of the Supreme Court, Kings County (Held, J.), dated August 2, 1985, which granted the application, and (2) from an order of the same court dated August 14, 1985, which denied appellant's motion for a new hearing.

Judgment affirmed, without costs or disbursements.

Appeal from the order dated August 14, 1985 dismissed, without costs or disbursements. No copy of that order or transcript of Special Term's decision has been filed with the court.

In this proceeding to invalidate the designating petition of Lorita Williams as a Liberal Party candidate, a referee's report concluded that 28 valid signatures were contained among the 122 signatures on the petition. Some of the signatures were stricken because a quantity of Liberal Party voter registration cards necessary to place Williams' name upon the primary election ballot bore an untimely filing time stamp of July 10, 1985.

The failure to comply with the time limitations for filing "shall be a fatal defect" (Election Law § 1-106 [2]). While the delivery of the registration cards to the Board of Elections, not the stamping of the cards, constitutes filing, the time stamp is prima facie evidence of the time of filing (see, Matter of Keough, 179 Misc 1).

Special Term properly held that Williams failed to meet her

burden of proving that filing was timely and that an error by the Board of Elections resulted in the late stamping of the registration cards. Williams' campaign manager testified that approximately 20 to 30 cards were not time stamped when filed with the Board of Elections on the morning of July 9, 1985 and that a complaint was made to supervisory personnel about the failure to stamp the cards that same day. Nevertheless, the campaign manager was able to identify only one card of those he allegedly filed. Under the circumstances, Williams has failed to establish that the cards allegedly timely delivered were those of the voters whose names were stricken from the petition. ·

Since Williams' proof of timely filing amounted to no more than speculation, her designating petition should be invalidated. Lazer, J. P., Bracken, Niehoff and Eiber, JJ., concur.