OPINION OF THE COURT
Arthur W. Lonschein, J.
In this proceeding to foreclose a mechanic’s lien, the plaintiff, a supplier of labor and materials, filed a lis pendens against the property following the service of a summons and complaint. The defendants, owners and builders of an apartment project on this property, now move to vacate the lis pendens on the grounds that the mechanic’s lien that it relates to describes a different parcel of property and thusly, the lis pendens is void. In fact, the defendants go beyond void, they contend that the lis pendens was filed in violation of Penal Law § 175.35, as it contains a false statement of the description of the property in the mechanic’s lien and the lis pendens was filed "in an effort to cause serious economic hardship to the defendants by claiming to have a lien upon their property when in fact, no such lien exists.” The defendants have completed their apartment house project and are ready to sell the units therein and the filing of the lis pendens casts a cloud on the title of all units to be sold. Indeed, it doesn’t require a great deal of expertise in real estate matters to deduce that no title company will insure title under the circumstances and no attorney representing buyers of real estate would permit his clients to purchase property with such a cloud on its title.
The underlying facts are as follows: the defendants acquired title by deed, dated July 15th, 1987, from Marx Development Corp. Parenthetically, it should be noted that the initials MDR in defendant’s name coincide with the initials of Marx Development Corp., its grantor. This original deed contained a metes and bounds description of the property and further *824 described the property as being in block 6799 in the land map of Queens County. The deed was filed by the grantee defendant in the office of the City Register on August 12, 1987, under block 6799. In November 1988 the plaintiff and defendant entered into an agreement whereby the plaintiff was to supply labor and materials for the building under construction for a consideration of over $1,000,000. This work was commenced in December 1988 and was completed on November 15th, 1989. On November 16, 1989, the day after completion, the defendants filed a correction deed changing the block number of the property from block number 6799 to block number 6797, which the parties now agree is the correct block number of the property. No notification of this change and filing was given to plaintiff at that time.
At the time of completion of the job, the plaintiff alleges that there was due it $279,358 and this action is brought to foreclose the mechanic’s lien it claims was duly filed. Its lien was filed in the office of the County Clerk on July 20, 1990. In the notice of lien there is the following description of the property — "The property subject to the lien is situated in the County of Queens, Block 6799, Lot 1 also known as 158-13 72nd Avenue (The Marx Hillcrest Project) Kew Gardens, New York.” There is no dispute at this time as to the correctness of the address, the name of the project (Marx Hillcrest) and that the block number is incorrect, that is, it should have been 6797, rather than 6799. The records of the County Clerk indicate that copies of the mechanic’s lien were served upon the defendants and their predecessor in title and what may be their parent company, Marx Development Corp., on July 16th, 1990. The defendants made no objections, nor did they inform plaintiff of the mislabeling of the block number on the mechanic’s lien by the plaintiff, nor did they notify plaintiff of the error. This is not to suggest they had an obligation to do so. The action was begun on October 24, 1990, by service of the summons and complaint upon the Secretary of State, the lis pendens was filed in the County Clerk’s office on November 26, 1990, and the answer interposed on January 7th, 1991.
The defendants now move to vacate the lis pendens on the ground that the mechanic’s lien on which it is based is nonexistent in that it describes block 6799 as the situs of property that it burdens instead of the correct block number 6797. It is to be noted, however, that the lis pendens itself designates the correct block in its description, that is block 6797.
*825 The argument makes much of the claim that the plaintiff filed a false statement in violation of section 175.35 of the Penal Law; the false statement being the misdesignation of the block number. This argument has no merit. In the first place, it was the defendants who originally filed a document, the deed, with the wrong block number and didn’t correct the same until after completion of the job, which correction was made by coincidence, the day after. They shouldn’t be heard to complain that the plaintiffs, by doing the same (misdesignating the block number), committed some kind of a criminal act. Secondly, the defendants completely misread the statute. The crime is committed when one files a false instrument with intent to defraud the State or any one of its subdivisions (People v Bel Air Equip. Corp., 39 NY2d 48). There is absolutely no conceivable way which it could be shown or even argued that the misfiling was done to defraud the State or anyone else, for that matter.
Lien Law § 9 (7) requires that the notice of lien give a "description * * * sufficient for identification; and if in a city * * * its location by street and number, if known.” There is nothing in this section which requires a further description such as a metes and bounds description or a block and lot number description. All that is required under this section is a description that identifies the property and that is in substantial compliance with the provisions of the statute sufficient to provide jurisdiction to the courts to enforce it. (Torre v Grasso, 11 Misc 2d 275.) The block number requirement comes into play in counties where the clerk keeps and files mechanic’s liens in a block index such as in Queens County. (Lien Law § 10 [2].) This latter section does require, in those counties, that a notice of lien have a block number so as to enable the clerk to file the same. In the matter at bar, there was a block number written into this notice so as to allow the clerk to file it and in fact it was filed under the wrong block. But an examination of the statute allows for such a mistake in the block number and even a filing under the wrong block does not necessarily affect the validity of the notice of lien. The statute says in Lien Law § 10 (2) "[i]n cases where [such] a notice of lien shall have been filed * * * with an erroneous designation [the block number] the county clerk, on presentation of proper proof thereof, shall enter [the said] instrument in the proper index, under the proper block number”. The statute continues that constructive notice of the lien shall be *826 deemed to have been given not at the time of the original filing, but at the time of correction of the block number.
This part of the statute protects the rights of any lienors, prospective purchasers or mortgagees who may have acquired an interest in the property after the original filing and before the correction of the description. This section even does away with the necessity of making a motion to amend the description as it relates to the block number since all that is required is proper proof to the clerk with the proper block number. A reading of this section makes it abundantly clear that a wrong block number does not void the notice. This is in keeping with the spirit of section 23 of the Lien Law that it "is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same.” (Matter of Sbarro Holding Corp. v Lamparter Acoustical Prods., 87 Misc 2d 556; Tri-City Elec. Co. v People, 96 AD2d 146, affd 63 NY2d 969.)
The plaintiff has styled its cross motion as one to amend the mechanic’s lien, nunc pro tune, to reflect the proper block number in its description. Actually, what the plaintiff seeks is leave to correct the misdesignation of the block number. The defendants seem to be under the impression that the cross motion is made pursuant to section 12-a of the Lien Law which permits amendments of the notice of lien. That statute does not apply in this case. It has certain restrictions attendant to it, i.e., a Statute of Limitations (it must be made within 60 days of the original filing) and in addition, an amendment cannot be granted if an action has been brought before the making of the motion to amend such as in the case here.
The reason that Lien Law § 12-a doesn’t apply in this case is that a motion to amend a mechanic’s lien made under section 12-a of the Lien Law may only be brought where "the purpose of the amendment is to reduce the amount of the lien.” The plaintiff does not seek such relief. It appears that all entities who filed mechanic’s liens after the original filing have been served with notice of the plaintiff’s application and none have voiced objections. The defendants received notice of the lien on their property as of July 16, 1990. Since they knew of the lien as of that date, they cannot be prejudiced by a correction of the block number as of this date.
*827 The motion to cancel the lis pendens is denied. The motion to correct the block number on the mechanic’s lien filed in the office of the County Clerk July 20th is granted. The order to be entered herein shall contain a direction to the County Clerk to change his records accordingly.