Matter of Griffin v Ward Lbr. Co., Inc. (2004 NY Slip Op 24133)

Matter of Griffin v Ward Lbr. Co., Inc.

2004 NY Slip Op 24133 [3 Misc 3d 959]

April 22, 2004

Supreme Court, St. Lawrence County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Tuesday, August 3, 2004

[*1]
In the Matter of Michael Griffin et al., Petitioners,
v
Ward Lumber Co., Inc., Respondent.
Supreme Court, St. Lawrence County, April 22, 2004

APPEARANCES OF COUNSEL

Cappello, Linden & Ladouceur (Roger B. Linden of counsel), for petitioners. Manning & Scaglione (David D. Scaglione of counsel), for respondent.

{**3 Misc 3d at 959} OPINION OF THE COURT

David Demarest, J.
Petitioners move, pursuant to Lien Law § 19 (6), for an order discharging a private improvement mechanic's lien on the grounds that the lien was not properly filed with the county clerk, {**3 Misc 3d at 960}as required by Lien Law § 10. The verified petition recites that a purported lien, for $4,984.62, was filed with the St. Lawrence County Clerk on September 16, 2003, making reference to real property improved by a single-family dwelling at a stated address and with a listed tax map identification number.
Petitioners correctly note that Lien Law § 10 requires that a private improvement lien on such premises must be filed with the county clerk within four months of the last date on which materials were supplied by the lienor for the improvement of the premises. Petition exhibit A states that the last date on which materials were furnished was May 14, 2003. Petitioners therefore assert that, in order to be timely and effective, the lien had to be filed with the County Clerk not later than September 14, 2003. The notice of lien is date-stamped by the County Clerk's office as having been filed on September 16, 2003, two days later than the apparent deadline.
Respondent's answering affidavits establish, without dispute, that on September 11, 2003 respondent's president directed that the notice of lien be sent by overnight express mail with guaranteed return receipt to the St. Lawrence County Clerk. Respondent paid for the expedited delivery and receipt, and received a return receipt from the United States Postal Service showing mailing on September 11, 2003, and delivery and signature of one D. Bullock on September 12, 2003 at 14:35 (2:35 p.m.). From this information, respondent reasons that it caused actual delivery of the notice of lien to the office of the County Clerk during normal business hours on September 12, 2003, two days before the last day of the four-month limitations period. On this basis, respondent argues the notice of lien should be deemed filed on the date it was received by the County Clerk, not the later date when it was date-stamped by office staff. No explanation of the intervening two-day delay has been furnished to the court. The court takes judicial notice of the fact that September 12, 2003 was a Friday, and September 16, 2003 was a Tuesday. The papers submitted on this motion establish that the County Clerk's office filed the notice of lien two business days after receiving it. Neither party has advised the court as to any third parties who have interposed liens or judgments of their own between September 12 and September 16, 2003.
Petitioners respond that the provisions of Lien Law § 10 are specific and clear, that notice and an effective lien spring from the act of filing with the county clerk. Without the filing, there is no notice of record to potentially interested parties. Petitioners{**3 Misc 3d at 961} cite Matter of Lycee Francais de N.Y. (26 Misc 2d 374 [Sup Ct, NY County 1960]) in support of this view.
Matter of Lycee Francais de N.Y. addresses questions about the content of the notice of lien, under section 9, rather than the manner of filing under section 10. The court there noted, [*2]among other things, that "[t]he lienor must comply substantially with all of the requirements of the statute in filing the notice, and, if there is not such compliance, no lien is acquired." (26 Misc 2d 374, 377 [emphasis added and citations omitted].)
There are numerous cases holding that the reach of a mechanic's lien is completely controlled by statute and that the notice of lien, to be effective, must be filed within four months after completion of the work. (See, e.g., Perrin v Stempinski Realty Corp., 15 AD2d 48 [1st Dept 1961].) None of these cases, however, involves the situation encountered in the present case, where the notice of lien was timely presented to the County Clerk for filing but was still not filed within the four-month period.
To the contrary, in Hurley v Tucker (128 App Div 580 [1st Dept 1908]), the Court dealt with a situation where a properly drawn notice of lien was timely presented to the clerk for filing, but the clerk erroneously docketed the lien against the wrong address. Noting that no other lienholders were prejudiced by the application, the Court said that "[t]he claimant's duty was performed when [he] filed the notice with the clerk, for 'the failure of a public official to perform his duty in filing a paper does not impair the rights of an individual who has properly delivered the paper to him, or his authorized representative, for such purpose.' " (128 App Div 580, 586-587 [1908] [citation omitted].)
This case has been discussed at some length in Robert H. Bowmar, Mechanics' Liens in New York § 3.9, at 115-120 (Lawyers Coop Publ 1992). Professor Bowmar notes that a later case implicitly followed the thinking of the Hurley court, in Dovin Constr. Co. v 7MDR of Queens (149 Misc 2d 822 [Sup Ct, Queens County 1991]), with respect to an incorrect docketing which made reference to the wrong block number of the premises.
As discussed in Bowmar § 3.9, the courts have distinguished between situations where on the one hand the lienor has done everything within his power to comply with the statutory filing requirement, and on the other hand the lienor has himself failed to comply with the statutory requirements for filing a notice of lien. {**3 Misc 3d at 962}In the former situation, where no other parties are adversely affected, the lienor's timely delivery of the notice for filing should be deemed to be substantial compliance with the rules. In the latter, where the omission is attributable to oversight or error on the part of the lienor, the purported compliance would be insufficient. Courts continue to noteand to applythe provision in Lien Law § 23, that the Lien Law should be liberally construed so as to secure its beneficial interests and purposes.[FN*]

The motion of petitioners to discharge the lien is, therefore, denied.

Footnotes

Footnote *: See, for example, C.R.A. Inc. of N. N.Y. v J & K Plumbing & Heating Co., 6 AD3d 915 (3d Dept 2004), and cases cited therein.